## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

FILED BY _ulle_ D.C.

05 JUL -8 PM 4: 50

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

In Re ACCREDO HEALTH, INC.
SECURITIES LITIGATION,

Civil Action No.:  03-2216-BB-D

**CLASS ACTION**

This Document Relates to:

ALL ACTIONS

---

### PROTECTIVE ORDER

---

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. **DEFINITIONS**

2.1    <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Material: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c)(7) and that a Producing Party considers to constitute confidential, sensitive or proprietary business information or documents, the disclosure of which might adversely affect a Party's competitive position, business operations, or economic interests or personal private information.

2.4 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.8 House Counsel: Attorneys who are employees of a Party.

2.9 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.10 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11    <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### 3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Confidential Material (as defined above), but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Material.

### 4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### 5.    NON-PARTIES

Any non-party from whom discovery is sought may be informed of and may obtain the protection of this Order by sending written notice to counsel for the parties or by invoking this Order on the record during any deposition or similar proceeding.

### 6.    DESIGNATING CONFIDENTIAL MATERIAL

6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>:  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

3

6.2     <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.  If only a portion or portions of the material qualifies for protection, the Producing Party also must clearly identify the protected page(s), not the entire document.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copies and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" on each page that contains Confidential Material.

(b)     <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors,

offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Confidential Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)    for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

6.3    Inadvertent Failures to Designate: If corrected within 30 days of production, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely written notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1    Timing of Challenges: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     <u>Meet and Confer</u>:  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3     <u>Judicial Intervention</u>:  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies that challenged material and sets forth the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

There is a rebuttable presumption that the burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 8.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

8.1     <u>Basic Principles</u>:  A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons under the conditions described in this Order.  When the litigation has been

terminated, a Receiving Party must comply with the provisions of section 12 below, (FINAL DISPOSITION).

Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Parties' attorneys in this action, as well as employees and agents of said attorneys to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors and employees of any Party to whom disclosure is reasonably necessary for this litigation;

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) (Counsel of record to whom Confidential Information is produced shall keep in their files the originals of all signed Nondisclosure Agreements);

(d)    the Court and its personnel;

(e)    court reporters, their staffs and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)    any person from whom noticed testimony is taken in this case;

(g)    any person who a Party's attorney believes is a potential witness in this case subject to the condition that no information or item designated CONFIDENTIAL shall be left in the custody of any potential witness who has not signed the "Agreement to Be Bound by Protective

Order" (Exhibit A) (Counsel of record to whom Confidential Information is produced shall keep in their files the originals of all signed Nondisclosure Agreements);

       (h)     the author or recipient of the documents or the original source of the information; and

       (i)     any person whom counsel for the parties agree should have access to such materials and who agrees to be bound by the terms of this Order.

## 9.    CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three court days after receiving the subpoena or order. Such information must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    **INFORMATION PROTECTED BY THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT**

Nothing in this Order shall be read to require the production of confidential patient or medical information as defined by the Health Insurance Portability and Accountability Act. A Producing Party shall, as applicable, redact confidential patient or medical information and so note on the responsive document or on an appropriate redaction log.

11.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    **FILING CONFIDENTIAL MATERIAL**

All documents, including but not limited to, transcripts of depositions, exhibits, produced documents, answers to interrogatories or portions thereof, and requests for admissions or portions thereof, whether originals or copies, which are filed with the Court, which have been designated by a Party as Confidential Material, shall be filed in a sealed envelope or other appropriately sealed container on which shall be endorsed the title of the action, an indication of the nature of the contents of such sealed or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

THIS ENVELOPE CONTAINS DOCUMENTS WHICH ARE FILED IN THIS CASE BY [NAME OF PARTY] AND IS NOT TO BE OPENED NOR THE CONTENTS TO BE DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.

### 13.   FINAL DISPOSITION

Within sixty (60) days after a judgment in or dismissal or other resolution of this Action becomes final and non-appealable, the attorneys for each Party who received Confidential Material shall (a) return to the Producing Party all copies of Confidential Material produced by such person; or (b) destroy all documents containing or based upon Confidential Material (including all copies); and (c) provide a certification of compliance with this paragraph.  Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential Material that is referred to or attached to any attorney work product), but any Confidential Material contained in such materials may not be disclosed to any person not a Designated Person.

### 14.   MISCELLANEOUS

14.1   Right to Further Relief: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections:  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   This Order applies to all proceedings in this action other than trial.  Confidentiality rules covering the trial of this action that can be agreed upon by the parties will be set forth in a consolidated pretrial order to be drafted by the parties and submitted to the Court.

14.4   Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of documents, testimony or other evidence in this action.

14.5    This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

14.6    Nothing in this Order shall prevent the parties from agreeing to amend this Order, nor shall it prevent any party from moving for an amendment to this Order either during or after the conclusion of this action, nor shall it prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information that the party may consider appropriate.

14.7    Nothing in this Order shall prevent a party or non-party who has designated material as Confidential Information from agreeing to release any of the Confidential Information from the requirements of this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

DATED:  July ⎽7⎽, 2005

**GLASSMAN, EDWARDS, WADE
& WYATT, P.C.**

By:⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽

B. J. Wade  (#5182)
26 North Second Street
Memphis, TN  38103
(901) 527-4673
*Liaison Counsel for Plaintiffs*

William S. Lerach, Esq.
Mark Solomon, Esq.
Tor Gronborg, Esq.
Erin P. McDaniel, Esq.
Trig R. Smith, Esq.
**LERACH, COUGHLIN, STOIA,
GELLER, RUDMAN & ROBBINS, LLP**
401 B Street, Suite 1700
San Diego, CA  92101

George E. Barrett, Esq.
Douglas S. Johnson, Jr., Esq.
Timothy L. Miles, Esq.

**BARRETT, JOHNSON & PARSLEY**
217 Second Avenue North
Nashville, TN  37201-1601

Timothy O. DeLange, Esq.
Blair A. Nicholas, Esq.
Richard N. Rodelli, Esq.
**BERSTEIN, LITOWITZ, BERGER
  & GROSSMAN, LLP**
12544 High Bluff Drive, Suite 150
San Diego, CA  92130

*Co-Lead Counsel for Plaintiffs*

DATED:  July 7, 2005

**BURCH, PORTER & JOHNSON, PLLC**

By: _Jef Feibelman (by BNOel with his permission)_
    Jef Feibelman, Esq.
    Douglas F. Halijan, Esq.
    130 North Court Avenue
    Memphis, TN  38103
    (901) 524-5000

**ALSTON & BIRD, LLP**

By: _John Goselin (by BNOel with his permission)_
    Peter Q. Bassett, Esq.
    John H. Goselin, II, Esq.
    Oni A. Holley, Esq.
    1201 West Peachtree Street
    Atlanta, GA  30309-3424

*Attorney for Defendants*

\*        \*        \*

# O R D E R

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _July 8, 2005_            _Bernice Bouie Donald_
                                THE HONORABLE BERNICE B. DONALD
                                UNITED STATES DISTRICT JUDGE

12

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Western District of Tennessee on _____ [date] in the case of *In re Accredo Health, Inc.*

*Securities Litigation*, No. 03-2216-BP. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order to

any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western

District of Tennessee for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 145 in case 2:03-CV-02216 was distributed by fax, mail, or direct printing on July 11, 2005 to the parties listed.

---

David W. Mitchell
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B St
Ste 1600
San Diego, CA 92101

Nadeem Faruqi
FARUQI & FARUQI, LLP
320 East 39th St.
New York, NY 10016

Gregory M. Egleston
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

Marc A. Topaz
SCHIFFRIN & BARROWAY
3 Bala Plaza East
Ste. 400
Bala Cynwyd, PA 19004

Carol V. Gilden
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr.
Ste. 1800
Chicago, IL 60606--161

Kevin Hunter Sharp
PRESTON & SHARP, P.C.
216 19th Ave.,N.
Nashville, TN 37203

Tor Gronborg
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

James E. Gauch
JONES & DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001--211

John H. Goselin
ALSTON & BIRD
1201 West Peachtree St.
Atlanta, GA 30309--342

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Samuel H. Rudman
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
200 Broadhollow Rd.
Ste. 406
Melville, NY 11747

Javier Bleichmar
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

Fred Taylor Isquith
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Timotny A. DeLange
BERSTEINE LITOWITZ BERGER & GROSSMAN
12544 High Bluff Drive
Ste 150
San Diego, CA 92130

Eitan Misulovin
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

Martin D. Chitwood
CHITWOOD HARLEY & HARNES LLP
1230 Peachtree St., N.E.
2900 Promenade II
Atlanta, GA 30309

Trig R. Smith
LERACH COUGHLIN STOIA GELLER RUDMAN &
401 B St.
Ste. 1700
San Diego, CA 92101

Peter Q. Bassett
ALSTON & BIRD
1201 West Peachtree St.
Atlanta, GA 30309--342

George E. Barrett
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201--160

Saul C Saul C. Belz
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

David A. Thorpe
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

Gary K. Smith
GARY K. SMITH & ASSOCIATES, PLLC.
100 Peabody Place
Ste. 1050
Memphis, TN 38103

Mark Solomon
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

Oni A. Holley
ALSTON & BIRD
1201 West Peachtree St.
Atlanta, GA 30309--342

David A. Rosenfeld
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
200 Broadhollow Rd.
Ste. 406
Melville, NY 11747

Ronald B. Hauben
ERNST & YOUNG
5 Times Square
New York, NY 10036--653

Stanley M Chernau
CHERNAU, CHAFFIN & BURNSED
One American Center
3100 West End Ave
Ste 550
Nashville, TN 37203

Dixie W. Ishee
WOOD CARLTON & ISHEE
1407 Union Ave.
Ste. 711
Memphis, TN 38103

William S. Lerach
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

Quitman Robins Ledyard
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Nancy Kaboolian
ABBEY GARDY, LLP
212 East 39th St.
New York, NY 10016

Erin P. McDaniel
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

Robert M. Roseman
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market St.
Ste. 2500
Philadelphia, PA 19103

Timothy L. Miles
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201--160

Linda F Burnsed
CHERNAU, CHAFFIN & BURNSED
One American Center
3100 West End Ave
Ste 550
Nashville, TN 37203

Karen M. Hanson
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

Lauren S. Antonino
CHITWOOD & HARLEY
1230 Peachtree St., N.E.
2900 Promenade II
Atlanta, GA 30309

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Emily C. Komlossy
GOODKIND LABATON RUDOFF & SUCHAROW
3595 Sheidan St.
Ste. 206
Hollywood, FL 33021

Richard A. Lockridge
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

Douglas M McKeige
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

Richard Nicholas Rodelli
BERNSTEIN LITOWITZ BERGER & GROSSMAN
12544 High Bluff Dr
Ste 150
San Diego, CA 92130

Gregory M. Nespole
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Darren J Robbins
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

Michael E. Moskovitz
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr.
Ste. 1800
Chicago, IL 60606--161

Ramzi Abadou
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
401 B St.
Ste. 1700
San Diego, CA 92101

Douglas S. Johnston
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201--160

Steven J. Brogan
JONES & DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001--211

Mary-Helen Perry
JONES & DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001--211

Paul Kent Bramlett
BRAMLETT LAW OFFICES
P.O. Box 150734
Nashville, TN 37215--073

B. J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Marc S. Henzel
LAW OFFICES OF MARC S. HENZEL
273 Montgomery Ave.
Ste. 202
Bala Cynwyd, PA 19004

F. Guthrie Castle
CASTLE & ASSOCIATES
6555 Quince Rd.
Ste. 109
Memphis, TN 38119

Amy E Amy E. Ferguson
GLANKER BROWN
One Commerce Square
Seventeenth Floor
Memphis, TN 38103

Shpetim Ademi
ADEMI & O'REILLY, LLP
3620 East Layton Ave.
Cudahy, WI 53110

Guri Ademi
ADEMI & O'REILLY, LLP
3620 East Layton Ave.
Cudahy, WI 53110

Karen M. Campbell
GARY K. SMITH & ASSOCIATES, PLLC.
100 Peabody Place
Ste. 1050
Memphis, TN 38103

Heather Guilette Walser
JONES & DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001--211

Mark C. Gardy
ABBEY GARDY, LLP
212 East 39th St.
New York, NY 10016

Mel E. Lifshitz
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016


Honorable Bernice Donald
US DISTRICT COURT