IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION ———————————————— This Document Relates To: ALL ACTIONS | ) ) ) ) ) Civil Action No. 03-CV-2216-BBD ) ) <u>CLASS ACTION</u> ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY, REFERENCE TO, OR EVIDENCE REGARDING THE SHELF REGISTRATION AND THE POISON PILL**

Defendants Accredo Health, Inc. ("Accredo"), David D. Stevens, and Joel R. Kimbrough (collectively, "Defendants"), submit this memorandum in support of their motion in limine for an order excluding from evidence at trial any testimony concerning, any reference to, and any records and documents regarding the Form S-3 shelf registration filed with the Securities and Exchange Commission on January 7, 2003 (as amended January 24, 2003) and the stockholder protection rights plan adopted by the Accredo board of directors on April 17, 2003 (the "Shelf Registration and Poison Pill Evidence").

## INTRODUCTION

Plaintiffs may offer at trial evidence regarding a Form S-3 shelf registration filed with the Securities and Exchange Commission (the "Shelf Registration") (*See* Complaint at ¶¶ 8, 54, 101) and a stockholder protection rights plan adopted by the Accredo board of directors on April 17, 2003 (the "Poison Pill") (*see* Accredo Form 8-K, filed Apr. 21, 2003 ("April 21 8-K"), a true and correct copy of which is attached hereto as Ex. A) to support their theory of "motive and

opportunity." Plaintiffs allege that Accredo's January 7, 2003 Shelf Registration (as amended January 24, 2003) is evidence of Defendants' alleged motive because it was used to take advantage of "Accredo's perceived business strength and stock price" and was carried out so that the Company could "begin the sale of $500 million in Accredo securities." (Compl. ¶¶ 54, 101.) The Shelf Registration, however, was never taken-down. Thus, the Shelf Registration was never used to sell the securities subject to the Shelf Registration and, thus, is wholly irrelevant to Plaintiffs' claims and fails to bear in any way on Defendants' alleged state of mind.

Similarly, the Poison Pill, which was adopted by the Accredo board of directors on April 17, 2003 <u>after</u> the Company's April 8, 2003 announcement that Plaintiffs allege disclosed the purported fraud (the "April 8 Announcement"), (*see* Compl. ¶ 9), bears no connection whatsoever to Plaintiffs' claims. There is no dispute that Defendants were aware of what was reported in the April 8 Announcement when the Poison Pill was enacted because it was enacted <u>after</u> they made the April 8 Announcement. Thus, the existence of the Poison Pill <u>after the fact</u> does not (nor can it) relate in any way to Defendants' alleged knowledge or intent to defraud during the Class Period. Further, the Accredo board was considering adopting the Poison Pill as early as August 2002 – months before the April 8 Announcement. (*See* Agenda, Accredo Health, Inc., Aug. 13, 2002 ("Agenda"), a true and correct copy of which is attached hereto as Ex. B.) If, as Plaintiffs may suggest, the Poison Pill is evidence of Defendants' knowledge of the purported fraud, then surely Defendants would have adopted the Poison Pill well before the April 8 Announcement instead of after that announcement.

Accordingly, the Shelf Registration and Poison Pill Evidence should be excluded as irrelevant under Federal Rule of Evidence 402. Further, to the extent such evidence may be deemed relevant, it is inadmissible under Rule 403 of the Federal Rules of Evidence because any

probative value it may have is substantially outweighed by considerations of undue delay and waste of time.

## ARGUMENT

I. **The Shelf Registration and Poison Pill Evidence is Not Relevant.**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402; *see also Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 587 (6th Cir. 1994).

Plaintiffs allege that Accredo's January 7, 2003 Shelf Registration (as amended January 24, 2003) is evidence of Defendants' alleged motive because it was used to take advantage of "Accredo's perceived business strength and stock price" and was carried out so that the Company could "begin the sale of $500 million in Accredo securities." (Compl. ¶¶ 54, 101.) It is undisputed, however, that the Shelf Registration was never taken-down. Plaintiffs have offered no evidence, nor can they, to dispute this. Thus, the Shelf Registration was not used to sell the securities subject to the Shelf Registration, as Plaintiffs allege. Because the Shelf Registration was never used, it is wholly unrelated to Plaintiffs' claims and their allegations of Defendants' intent to defraud. (*See* Excerpts from Deposition of Thomas Bell, at ll. 145:3-10; 235:9-21; 245:19 – 246:19, true and correct copies of which are attached hereto as Ex. C.) The only possible evidence Plaintiffs may proffer is the mere fact that Defendants filed a Shelf Registration. The filing of a Shelf Registration, however, does not make it more or less probable that Defendants knew the stock price was allegedly inflated or that Defendants were purportedly taking advantage of that knowledge. (*Id.*) Indeed, that fact bears no connection to Defendant's

alleged state of mind. Accordingly, the Shelf Registration is not relevant, and any testimony concerning, any reference to, and any records and documents regarding the Shelf Registration should be excluded pursuant to Rule 402.

The Poison Pill was adopted by the Accredo board of directors on April 17, 2003 (*see* April 21 8-K, Ex. A) – after the company's April 8 Announcement. (*See* Compl. ¶ 9.) There is no dispute that Defendants were aware of what was reported in the April 8 Announcement when the Poison Pill was enacted because it was enacted <u>after</u> they made the April 8 Announcement. Thus, the existence of the Poison Pill <u>after the fact</u> does not (nor can it) relate in any way to Defendants' purported knowledge or intent to defraud during the Class Period. (*See* Excerpts from Deposition of Thomas Bell, at ll. 316:14 – 317:17; 332:24 – 334:1, true and correct copies of which are attached hereto as Ex. D.) Further, the Accredo board was considering adopting the Poison Pill as early as August 2002 – months before the April 8 Announcement. (*See* Agenda, Ex. B.) If, as Plaintiffs may suggest, the Poison Pill is evidence of Defendants' knowledge of the purported fraud, then surely Defendants would have adopted the Poison Pill well before the April 8 Announcement instead of after that announcement.

Accordingly, any testimony concerning, any reference to, and any records and documents regarding the Poison Pill also should be excluded as irrelevant under Federal Rule of Evidence 402.

**II.  The Shelf Registration and Poison Pill Evidence is Inadmissible Under Rule 403.**

Even if the Court should determine that such evidence is relevant, any possible probative value would be substantially outweighed by considerations of undue delay and waste of time. Rule 403 of the Federal Rules of Evidence provides that, even if evidence is relevant, it is nonetheless inadmissible if "its probative value is substantially outweighed by . . . considerations

of undue delay, or waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The district court has broad discretion in assessing the admissibility of evidence under Rule 403, and the Court's determination will be reversed only upon a finding that the Court abused its discretion. *See Black*, 15 F.3d at 587.

Rule 403 requires courts to "balanc[e] the probative value of and need for the evidence against the harm likely to result from its admission." Advisory Comm. Notes, Fed. R. Evid. 403; *see also Black*, 15 F.3d at 587. Inherent in the consideration is whether there is other evidence that proves the same facts sought to be proven by the evidence sought to be excluded. *See Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19, 23 (upholding district court's exclusion of evidence where "'much of [the proposed evidence] could really be argued on the basis of what's already in evidence and on reasonable inferences that might be drawn from those facts that are in evidence.'").

The Shelf Registration and Poison Pill Evidence has negligible probative value, if any, and would be duplicative of other arguably relevant evidence Plaintiffs will undoubtedly offer to prove Defendants' alleged knowledge and intent during the Class Period. Thus, any time expended at trial on presenting the Shelf Registration and Poison Pill Evidence to the jury would be a waste of time. Accordingly, Plaintiffs' Shelf Registration and Poison Pill Evidence should be excluded under Rule 403 of the Federal Rules of Evidence.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion and grant any and all further relief as the Court deems just and proper.

Respectfully submitted this 8th day of September, 2008.

                                                s/ Douglas F. Halijan
Jef Feibelman   (BPR # 7677)
Douglas F. Halijan (BPR 16718)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN  38103
(901) 524-5000

Peter Q. Bassett
Kelly C. Wilcove
Scott N. Sherman
Mark D. Trainer
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
(404) 881-7000

Attorneys for Defendants Accredo Health, Inc.,
David D. Stevens, and Joel R. Kimbrough

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded *via* the Court's electronic filing system, this 8th day of September, 2008 to:

Tor Gronborg
Mark Solomon
Trig R. Smith
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B Street, Suite 1700
San Diego, CA  92101

Timothy A. DeLange
Blair A. Nicholas
BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP
12544 High Bluff Drive, Suite 150
San Diego, CA  92130

B.J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street Building
Memphis, TN  38103

s/ Douglas F. Halijan