UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | ) Civil Action No. 03-2216-BBD <br> ) <br> ) <u>CLASS ACTION</u> <br> ) <br> ) LEAD PLAINTIFFS' MOTION *IN LIMINE* <br> ) #13 TO PRECLUDE THE PRESENCE OF <br> ) PERCIPIENT WITNESSES IN THE <br> ) COURTROOM UNLESS THEY ARE <br> ) TESTIFYING AND TO PROHIBIT <br> COUNSEL AND WITNESSES FROM <br> COMMUNICATING WITH PERCIPIENT <br> WITNESSES WHO HAVE NOT YET <br> TESTIFIED |

Lead Plaintiffs, Louisiana School Employees' Retirement System and Debra Swiman (together, "Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully ask the Court to exclude percipient witnesses from the courtroom to prevent them from hearing the testimony of other witnesses, under Fed. R. Evid. 615, and likewise to prohibit counsel and witnesses from communicating with percipient witnesses who have yet to testify.

Plaintiffs request that the Court exclude percipient witnesses from the courtroom to prevent them from hearing the testimony of other witnesses. Pursuant to Fed. R. Evid. 615, "[a]t the request of a party the court *shall* order witnesses excluded so that they cannot hear the testimony of other witnesses."[1] [2] As the language makes clear, it is a party's right under Fed. R. Evid. 615 to prohibit discussion between and among witnesses, "to prevent the influencing of a witness' testimony by another witness." *United States v. Ruiz Solorio*, 337 F.3d 580, 592 (6th Cir. 2003). *See also United States v. Green*, 305 F.3d 422, 428 (6th Cir. 2002) (observing that Rule 615 "serves two purposes: (1) it prevents witnesses from tailoring testimony to that of other witnesses; and (2) it aids in detecting false testimony"); *United States v. Rugiero*, 20 F.3d 1387, 1392 (6th Cir. 1994) ("The statutory purpose of the rule requiring sequestration of witnesses is to preclude coaching or the influencing of a witness' testimony by another witness."). The Court should extend the sequestration provision to opening statements, because the opening remarks at trial can be as effective in suggesting to one witness the tone of the testimony by another as hearing the testimony itself. *See* 29 Charles A. Wright & Victor J. Gold, *Federal Practice & Procedure*: *Evidence* §6243

---

[1] All emphasis added, and all internal quotations and citations omitted, unless otherwise noted.

[2] "The Advisory Committee Notes to [Rule 615] indicate that the rule was designed to make the exclusion of witnesses *a matter of right* rather than a matter of judicial discretion." *William L. Comer Family Equity Pure Trust v. Comm'r*, 958 F.2d 136, 140 (6th Cir. 1992).

(2007) (policies underlying Fed. R. Evid. 615 suggest the rule may be invoked to exclude witnesses during opening statements because the statements typically refer to testimony expected at trial); *see also United States v. Moore*, 93 Fed. Appx. 887, 894 (6th Cir. 2004) (observing, without disapproval, that "the district court invoked Rule 615 before opening statements").

Logically, an order excluding witnesses from the courtroom for the purposes of insulating them from others' testimony would be meaningless if they nonetheless learned of the testimony from other persons, including other witnesses or a party's counsel. Accordingly, the Court should admonish counsel and witnesses in this trial, subject to the Court's inherent authority to sanction, that they are prohibited from communicating with any percipient witness who has not yet testified about his or her testimony or any other testimony that has been given.

Indeed, sequestering fact witnesses from the courtroom reduces the risk of fabrication, collusion and inaccuracy, and should occur during opening and closing statements to fulfill Rule 615's purpose of promoting honest and accurate testimony, unaffected by the remarks or statements of others. *Solorio*, 337 F.3d at 592; *Green*, 305 F.3d at 428; *Rugiero*, 20 F.3d at 1392; *see also* 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence Manual* §615.02 (2d 2008). As the Supreme Court has noted:

> It is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed. Such nondiscussion orders are a corollary of the broader rule that witnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections.

*Perry v. Leeke*, 488 U.S. 272, 281-82 (1989). Here, plaintiffs may be prejudiced if the Court allows adverse witnesses to observe each other's testimony and consult with defense counsel before testifying. This is especially true here as plaintiffs will present important aspects of their case through adverse witnesses (*e.g.*, Defendants, former employees of Defendants or third-parties aligned with Defendants). While the exact reach of Fed. R. Evid. 615 is an unresolved matter in the

Sixth Circuit, it is notable that the Sixth Circuit suggested in *dicta* that Fed. R. Evid. 615 ***does*** extend beyond the courtroom. *See Rugiero*, 20 F.3d at 1394 ("[W]e think it unnecessary, once the rule is invoked, that either party need ask the court to instruct each witness not to discuss his testimony with another witness yet to testify."). Accordingly, and wholly consistent with the two purposes of Fed. R. Evid. 615, the Court should admonish counsel and witnesses in this trial, subject to the Court's inherent authority to sanction and sequester, that they are prohibited from communicating with any percipient witness who has not yet testified about his or her testimony or any other testimony that has been given. *See also Geders v. United States*, 425 U.S. 80, 87 (1976) ("The judge's power to control the progress and, within the limits of the adversary system, the shape of the trial includes broad power to sequester witnesses before, during, and after their testimony.").

Of course, plaintiffs do not move to exclude the parties, their expert witnesses or to prohibit counsel from communicating with clients who are parties. "In general, Federal Rule of Evidence 615 requires that witnesses be sequestered when sequestration is requested by one of the parties, except when the witness is: (1) a party who is a natural person, or (2) ***an*** officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.'" *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 784 (6th Cir. 2003) (quoting Fed. R. Evid. 615). The corporate defendant Accredo, however, should not be permitted to skirt Fed. R. Evid. 615 by designating representatives who are identified witnesses to sit in the courtroom. Accordingly, Lead Plaintiffs request that the Court prohibit Accredo from naming as its representative any person who has been identified as a potential witness in this case.

| | |
|---|---|
| DATED:  September 8, 2008 | Respectfully submitted, |

                                  COUGHLIN STOIA GELLER
                                     RUDMAN & ROBBINS LLP
                                MARK SOLOMON
                                TOR GRONBORG
                                JONAH H. GOLDSTEIN
                                DAVID W. MITCHELL
                                TRIG R. SMITH
                                NATHAN W. BEAR

                                            s/ TOR GRONBORG
                                              TOR GRONBORG

                                655 West Broadway, Suite 1900
                                San Diego, CA  92101
                                Telephone:  619/231-1058
                                619/231-7423 (fax)

                                BERNSTEIN LITOWITZ BERGER &
                                     GROSSMANN LLP
                                BLAIR A. NICHOLAS
                                TIMOTHY A. DELANGE
                                BRETT M. MIDDLETON
                                MATTHEW P. JUBENVILLE
                                12481 High Bluff Drive, Suite 300
                                San Diego, CA  92130
                                Telephone:  858/793-0070
                                858/793-0323 (fax)

                                Co-Lead Counsel for Plaintiffs

                                GLASSMAN, EDWARDS, WADE
                                  & WYATT, P.C.
                                B.J. WADE, #5182
                                26 N. Second Street Building
                                Memphis, TN  38103
                                Telephone:  901/527-4673
                                901/521-0940 (fax)

                                Liaison Counsel

C:\Program Files\DocsCorp\pdfDocs PDF\users\MicheleH\Import\brf00053881 mil1.doc

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 8, 2008.

            s/ TOR GRONBORG
            TOR GRONBORG

            COUGHLIN STOIA GELLER
              RUDMAN & ROBBINS LLP
            655 West Broadway, Suite 1900
            San Diego, CA  92101-3301
            Telephone:  619/231-1058
            619/231-7423 (fax)
            E-mail: torg@csgrr.com

# Mailing Information for a Case 2:03-cv-02216-BBD-gbc

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George E. Barrett**
  gbarrett@barrettjohnston.com

- **Nathan W. Bear**
  NBear@csgrr.com,stremblay@csgrr.com

- **Saul C. Belz**
  sbelz@glankler.com,apospisil@glankler.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Linda F Burnsed**
  lburnsed@cbslawyers.net

- **Karen M. Campbell**
  kcampbell@appersoncrump.com

- **F. Guthrie Castle , Jr**
  fgc@castle-law.com

- **Stanley M. Chernau**
  s.chernau@chernau.com

- **Timothy A. DeLange**
  timothyd@blbglaw.com,brettm@blbglaw.com,samj@blbglaw.com,kristinas@blbglaw.com,matthe

- **Amy Ferguson Dudek**
  adudek@glankler.com,apospisil@glankler.com

- **Jef Feibelman**
  jfeibelman@bpjlaw.com,cbiscoe@bpjlaw.com

- **Tor Gronborg**
  torg@csgrr.com,e_file_sd@csgrr.com

- **Douglas F. Halijan**
  dhalijan@bpjlaw.com,mmarshall@bpjlaw.com

- **Dixie W. Ishee**
  woodcarltonishee@bellsouth.net

- **Matthew P. Jubenville**
  matthewj@blbglaw.com

- **Emily C. Komlossy**
  ekomlossy@faruqilaw.com

- **Quitman Robins Ledyard , II**
  bledyard@borodandkramer.com

- **Brett M. Middleton**
  brettm@blbglaw.com

- **Timothy L. Miles**
  tmiles@barrettjohnston.com

- **David W. Mitchell**
  davidm@csgrr.com

- **Blair N. Nicholas**
  blairn@blbglaw.com

- **Russell F.A. Riviere**
  russellr@blbglaw.com

- **Kevin Hunter Sharp**
  ksharp@dsattorneys.com

- **Scott N. Sherman**
  scott.sherman@alston.com

- **Gary K. Smith**
  gsmith@appersoncrump.com,clunsford@appersoncrump.com,kcampbell@appersoncrump.com

- **Trig R. Smith**
  trigs@csgrr.com

- **Mark D. Trainer**
  mark.trainer@alston.com

- **B. J. Wade**
  bwade@gewwlaw.com

- **Allison Wannamaker**
  wannamakera@thomasonlaw.com

- **Kelly C. Wilcove**
  kelly.wilcove@alston.com,valerie.nouman@alston.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ramzi Abadou**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Guri Ademi**
ADEMI & O'REILLY, LLP
3620 East Layton Ave.
Cudahy, WI 53110

**Shpetim Ademi**
ADEMI & O'REILLY, LLP
3620 East Layton Ave.
Cudahy, WI 53110

**Lauren S. Antonino**
CHITWOOD & HARLEY
1230 Peachtree St., N.E.
2900 Promenade II
Atlanta, GA 30309

**Peter Q. Bassett**
ALSTON & BIRD
1201 West Peachtree St.
Atlanta, GA 30309-3424

**Javier Bleichmar**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Martin D. Chitwood**
CHITWOOD HARLEY & HARNES LLP
1230 Peachtree St., N.E.
2900 Promenade II
Atlanta, GA 30309

**Patricia A. Connell**
ERNST & YOUNG
5 Times Square
New York, NY 10036-6530

**Gregory M. Egleston**
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

**Nadeem Faruqi**
FARUQI & FARUQI, LLP
369 Lexington Avenue
10th Floor
New York, NY 10017

**Mark C. Gardy**
ABBEY GARDY, LLP
212 East 39th St.
New York, NY 10016

**Carol V. Gilden**
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr.
Ste. 1800
Chicago, IL 60606-1615

**Karen M. Hanson**
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

**Ronald B. Hauben**
ERNST & YOUNG
5 Times Square
New York, NY 10036-6530

**Marc S. Henzel**
LAW OFFICES OF MARC S. HENZEL
273 Montgomery Ave.
Ste. 202
Bala Cynwyd, PA 19004

**Fred Taylor Isquith**                                                    , Esq
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

**Douglas S. Johnston**
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201-1601

**Nancy Kaboolian**
ABBEY GARDY, LLP
212 East 39th St.
New York, NY 10016

**William S. Lerach**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Mel E. Lifshitz**
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

**Richard A. Lockridge**
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

**Douglas M McKeige**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Eitan Misulovin**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Michael E. Moskovitz**
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr.
Ste. 1800
Chicago, IL 60606-1615

**Gregory M. Nespole**                                          , Esq
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

**Darren J Robbins**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 W. Broadway
Ste. 1900
San Diego, CA 92101

**Robert M. Roseman**
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market St.
Ste. 2500
Philadelphia, PA 19103

**David A. Rosenfeld**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
200 Broadhollow Rd.
Ste. 406
Melville, NY 11747

**Samuel H. Rudman**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
200 Broadhollow Rd.
Ste. 406
Melville, NY 11747

**Mark Solomon**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Marc A. Topaz**
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087