IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION ) ) ) ) This Document Relates To: ) ) ALL ACTIONS ) | Civil Action No. 03-CV-2216-BBD<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY, REFERENCE TO, OR EVIDENCE REGARDING EXPRESS SCRIPTS, INC.**

Defendants Accredo Health, Inc. ("Accredo"), David D. Stevens, and Joel R. Kimbrough (collectively, "Defendants"), submit this memorandum in support of their motion in limine for an order excluding from evidence at trial any testimony concerning or relying upon,[1] any reference to, and any records and documents produced by third-party Express Scripts, Inc. ("ESI"), regarding the due diligence performed by ESI in connection with its potential acquisition of the SPS Division of Gentiva ("SPS Division") in the above-styled matter.

**INTRODUCTION**

Based on a review of Plaintiffs' Trial Exhibit Index produced to Defendants on August 27, 2008, Plaintiffs intend to offer into evidence at trial documents produced by third-party ESI. In particular, Plaintiffs have included as potential trial exhibits Deposition Exhibit Numbers 752, 753, 756, and 757. (*See* Deposition Ex. Nos. 752-53, 756-57, true and correct copies of which are attached hereto as Exs. A-D.) These documents and other documents with the prefix

---

[1] This includes, but is not limited to, any testimony by Plaintiffs' experts and witnesses and any deposition testimony designated by Plaintiffs that refers to or relies upon the ESI due diligence or documents and records produced by ESI.

"EXRS" were produced by third-party ESI or its agents in response to a subpoena from Plaintiffs dated October 3, 2007 (the "ESI Production"). The ESI Production documents consist of documents created by ESI in Spring 2001 when ESI conducted certain due diligence efforts in connection with a potential acquisition of the SPS Division. (*See* Excerpt from Deposition of Matthew Harper, at ll. 25:13 – 26:25, a true and correct copy of which is attached hereto as Ex. E.) It was not until the Fall of 2001 that Accredo began its due diligence of the SPS Division. (*See* Excerpt from Accredo Amended Form S-4, dated May 10, 2002, at 44-50, a true and correct copy of which is attached hereto as Ex. F.) Thus, the ESI Production documents were created by ESI months before Accredo even began its discussions with Gentiva regarding a potential acquisition of the SPS Division and were created over one year prior to the start of the Class Period in this action – June 16, 2002 to April 7, 2003. In addition, the ESI Production documents were protected by a confidentiality agreement between ESI and Gentiva and were never shared with Defendants prior to their production in this litigation. (*See* Excerpt from Deposition Testimony of Matthew Harper, at ll. 104:2 – 104:11, a true and correct copy of which is attached hereto as Ex. G.) Accordingly, the ESI Production does not (nor can it) relate in any way to Plaintiffs' claims, particularly as to the issue of Defendants' state of mind during the Class Period. Plaintiffs also intend to offer into evidence at trial the deposition testimony of Matthew Harper, an ESI representative, concerning ESI's due diligence efforts. (*See* Plaintiffs' Designation of Deposition Testimony to be Offered Into Evidence, attached hereto as Ex. H.)

      The ESI Production and any reference to or any testimony relating to or relying upon the ESI due diligence (the "ESI Evidence") should be excluded under Federal Rule of Evidence 402 because it is not relevant to the determination of a fact in issue in this litigation. Further, to the extent such evidence is deemed relevant, it should be excluded under Rule 403 because any

probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the trier of fact, or by considerations of undue delay and waste of time.

## ARGUMENT

**I.      The ESI Evidence is Not Relevant.**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402; *see also Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 587 (6th Cir. 1994).

The ESI Production consists of documents created by ESI - an unrelated third-party to the instant litigation – which was considering a potential acquisition of the SPS Division well before Defendants began negotiations with Gentiva and over one year before the start of the Class Period in this matter. The ESI Production documents were not created by Defendants and were not shared with Defendants. Defendants had no knowledge of the content of these documents at the time they were conducting due diligence of the SPS Division. Indeed, based on a confidentiality agreement between ESI and Gentiva, Defendants were prohibited from gaining any knowledge about the existence and/or result of ESI's due diligence. Thus, the ESI Evidence does not have any bearing on Defendants' knowledge or lack thereof either before or during the Class Period. Because this evidence does not tend to make the existence of any fact that is of consequence to the determination of this action more or less probable, it is not relevant and should be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

## II.  The ESI Evidence is Inadmissible Under Rule 403.

Notwithstanding that the ESI Evidence is wholly irrelevant to Plaintiffs' claims, even if the Court were to determine that such evidence is relevant, any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and/or waste of time. Fed. R. Evid. 403. The district court has broad discretion in assessing the admissibility of evidence under Rule 403, and the Court's determination will be reversed only upon a finding that the Court abused its discretion. *See Black*, 15 F.3d at 587.

"Unfair prejudice" is "an undue tendency to suggest decision on an improper basis . . . ." Advisory Comm. Notes, Fed. R. Evid. 403; *see also Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19, 23 (6th Cir. 1984) (exclusion of evidence was proper where "the jury may have been influenced by the [excluded evidence] to afford it greater weight than it was worth" and where the evidence "contains extraneous criticisms . . . that might have swayed the jury although not necessarily relevant to the case"). Rule 403 requires courts to "balanc[e] the probative value of and need for the evidence against the harm likely to result from its admission." Advisory Comm. Notes, Fed. R. Evid. 403; *see also Black*, 15 F.3d at 587 (affirming district court's exclusion of evidence where the possible prejudice outweighed the negligible probative value of the evidence). Inherent in the consideration is whether there is other evidence which proves the same facts sought to be proven by the evidence sought to be excluded. *See Bright*, 756 F.2d at 23 (upholding district court's exclusion of evidence where "'much of [the proposed evidence] could really be argued on the basis of what's already in evidence and on reasonable inferences that might be drawn from those facts that are in evidence.'").

Admission of the ESI Evidence has a high likelihood of confusing or misleading the trier of fact because it invites the trier of fact to determine that Defendants acted with an intent to

4

deceive on an improper basis – namely that ESI's valuations of the SPS Division should be imputed to Defendants or that such valuations were the same or similar valuations that should have been utilized by Accredo during its due diligence of the SPS Division or that Accredo was aware of or actually created the ESI Evidence.  When weighed against the negligible probative value, if any, of the evidence sought to be introduced by Plaintiffs, the risks that the trier of fact might consider improperly the ESI Evidence as proof of Defendants' knowledge before or during the Class Period is too great.  This is particularly true in light of the fact that Defendants were not aware of and, in fact, were incapable of obtaining or even knowing about the existence of the ESI Evidence.  In addition, the ESI Evidence is unnecessary in view of other evidence Plaintiffs will undoubtedly offer to prove Defendants' knowledge and intent.  Further, because Plaintiffs have evidence that they will present in support of their claims that is not unfairly prejudicial, any presentation of the ESI Evidence would be a waste of time.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion and grant any and all further relief as the Court deems just and proper.

Respectfully submitted this 8th day of September, 2008.

s/ Douglas F. Halijan
Jef Feibelman  (BPR # 7677)
Douglas F. Halijan  (BPR # 16718)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN  38103
(901) 524-5000

Peter Q. Bassett
Kelly C. Wilcove
Scott N. Sherman
Mark D. Trainer
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

Attorneys for Defendants Accredo Health, Inc.,
David D. Stevens, and Joel R. Kimbrough

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded *via* the Court's electronic filing system, this 8th day of September, 2008 to:

Tor Gronborg
Mark Solomon
Trig R. Smith
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B Street, Suite 1700
San Diego, CA 92101

Timothy A. DeLange
Blair A. Nicholas
BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP
12544 High Bluff Drive, Suite 150
San Diego, CA 92130

B.J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street Building
Memphis, TN 38103

s/ Douglas F. Halijan