IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. ) <br> SECURITIES LITIGATION ) <br> ———————————————— ) <br>  ) <br> This Document Relates To: ) <br>  ) <br> ALL ACTIONS ) | Civil Action No. 03-CV-2216-BBD <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY, REFERENCE TO, OR EVIDENCE REGARDING MEDCO HEALTH SOLUTIONS, INC.'S DUE DILIGENE OF ACCREDO HEALTH, INC.**

Defendants Accredo Health, Inc. ("Accredo"), David D. Stevens, and Joel R. Kimbrough (collectively, "Defendants"), submit this memorandum in support of their motion in limine for an order excluding from evidence at trial any testimony concerning or relying upon,[1] any reference to, and any records and documents produced by third-party Medco Health Solutions, Inc. ("Medco"), regarding the due diligence performed by Medco in connection with its acquisition of Accredo (the "Medco Due Diligence") in the above-styled matter.

### INTRODUCTION

Based on a review of Plaintiffs' Trial Exhibit Index, produced to Defendants on August 27, 2008, Plaintiffs intend to offer into evidence at trial documents produced by third-party Medco. In particular, Plaintiffs have listed, as Plaintiffs' Trial Exhibit Number 143, Deposition Exhibit Number ("Deposition Ex. No.") 463, which is an email dated February 20, 2005 "from

---

[1] This includes, but is not limited to, any testimony by Plaintiffs' experts and witnesses and any deposition testimony designated by Plaintiffs that refers to or relies upon the Medco Due Diligence or documents and records produced by Medco.

Rubino to Snow et al. RE: PwC Update to Previous Email." (*See* Deposition Ex. No. 463 (the "Rubino Email"), a true and correct copy of which is attached hereto as Ex. A.) This email and other documents with the prefix "MAH" were produced by third-party Medco in response to a subpoena from Plaintiffs dated June 9, 2005 (the "Medco Production"). The Medco Production documents were compiled and created by Medco, its agents, or its external auditors, PricewaterhouseCoopers, LLP ("PwC") in late 2004 and 2005 when it was conducting due diligence relating to its acquisition of Accredo. The Medco Production documents were created well after the period June 16, 2002 to April 7, 2003 – the Class Period in this action – and these documents, along with any testimony regarding or relying upon the Medco Due Diligence, concern events and conclusions that have no bearing on the issues in this matter. The Medco Production and any reference to or any testimony relating to or relying upon the Medco Due Diligence (the "Medco Evidence") should be excluded under Federal Rule of Evidence 402 because it is not relevant to the determination of a fact in issue in this litigation. Further, to the extent such evidence may be deemed to be relevant, it should be excluded under Rule 403 because any probative value it may have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the trier of fact, or by considerations of undue delay and waste of time. Moreover, the Rubino Email is inadmissible opinion testimony and hearsay under Rules 701 and 802.

## ARGUMENT

I. **The Medco Evidence is Not Relevant.**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not

admissible." Fed. R. Evid. 402; *see also Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 587 (6th Cir. 1994).

The Medco Due Diligence was performed mostly in 2005 – <u>almost three years after</u> the Class Period here – and does not address matters at issue in this action. For example, the Rubino Email is an email dated February 20, 2005 from Rich Rubino, the then-Senior Vice President, Controller, and Chief Accounting Officer of Medco, to David Snow and others regarding Medco's discussions with its external auditors, PwC, regarding, among other things, their opinions on matters existing at Accredo in 2005. (*See* Rubino Email, Ex. A; *see also* Declaration of Richard J. Rubino ("Rubino Decl."), ¶ 9 ("The specific comment regarding accounts receivable ("A/R") in Paragraph 3 relates to the Accredo assets Medco was considering acquiring in 2005 and does not relate to the status of Accredo's A/R from any other period."), a true and correct copy of which is attached hereto as Ex. B.) The Rubino Email does not address events that occurred during the Class Period. (Rubino Email, Ex. A; Rubino Decl., ¶ 9, Ex. B.) Thus, it does not have any bearing whatsoever on the events at issue or on Defendants' knowledge or lack thereof during the Class Period. Specifically, any opinions or conclusions made by Medco or its external auditors, PwC, regarding the valuation of Accredo's A/R or Accredo's reserve for A/R during its due diligence of Accredo in 2005 does not (nor could it) possibly relate in any way to Defendants' purported knowledge of Accredo's A/R valuation or the adequacy of the A/R reserve during the Class Period three years earlier. Accordingly, because this evidence does not tend to make the existence of any fact that is of consequence to the determination of this action more or less probable, it is not relevant and should be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

## II.     The Medco Evidence is Inadmissible Under Rule 403.

Even if the Court were to determine that such evidence is relevant, any potential probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the trier of fact, and/or waste of time.  Rule 403 of the Federal Rules of Evidence provides that, even if evidence is relevant, it is nonetheless inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  The district court has broad discretion in assessing the admissibility of evidence under Rule 403, and the Court's determination will be reversed only upon a finding that the Court abused its discretion.  *See Black*, 15 F.3d at 587.

"Unfair prejudice" is "an undue tendency to suggest a decision on an improper basis . . .." Advisory Comm. Notes, Fed. R. Evid. 403; *see also Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19, 23 (6th Cir. 1984) (exclusion of evidence was proper where "the jury may have been influenced by the [excluded evidence] to afford it greater weight than it was worth" and where the evidence "contains extraneous criticisms . . . that might have swayed the jury although not necessarily relevant to the case").  Rule 403 requires courts to "balanc[e] the probative value of and need for the evidence against the harm likely to result from its admission."  Advisory Comm. Notes, Fed. R. Evid. 403; *see also Black*, 15 F.3d at 587 (affirming district court's exclusion of evidence where the possible prejudice outweighed the negligible probative value of the evidence).  Inherent in the consideration is whether there is other evidence which proves the same facts sought to be proven by the evidence sought to be excluded.  *See Bright*, 756 F.2d at 23 (upholding district court's exclusion of evidence where "'much of [the proposed evidence]

could really be argued on the basis of what's already in evidence and on reasonable inferences that might be drawn from those facts that are in evidence.'").

Admission of the Medco Evidence has a high likelihood of confusing or misleading the trier of fact because it invites the trier of fact to determine that Defendants acted with an intent to deceive on an improper basis – namely that Medco's or PwC's conclusions about matters at Accredo in existence in 2005, which conclusions bear no connection to the events during the Class Period, tend to prove the existence of facts during the Class Period. When weighed against the negligible probative value, if any, of the evidence sought to be introduced by Plaintiffs, the risks that the trier of fact might consider conclusions about events in 2005 relevant to the issues from three years earlier during the Class Period are too great. In addition, the evidence is unnecessary in view of other evidence Plaintiffs will undoubtedly offer to prove Defendants' alleged intent to defraud from during the Class Period. Further, because Plaintiffs have evidence that they will present in support of their claims that is not unfairly prejudicial, any presentation of the Medco Evidence at trial to the jury would be a waste of time.

### III. The Rubino Email Contains Inadmissible Opinion Testimony and Hearsay.

The Rubino Email also consists of nothing more than irrelevant opinions or conclusions of a non-expert in this matter based on the hearsay of others. The Rubino Email is an email dated February 20, 2005 from Rich Rubino to David Snow and others regarding Rich Rubino's opinions concerning events in 2005 based on Medco's discussions with its external auditors, PwC. (*See* Rubino Email, Ex. A.) It is undisputed that Plaintiffs do not intend to call Rich Rubino as an expert in this matter. Thus, the opinion testimony contained in the Rubino Email is governed by Federal Rule of Evidence 701. Under Rule 701, a lay witness' testimony in the form of opinions or inferences is limited to opinions or inferences which are "(a) rationally based on the

5

perception of the witness,[2] (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 (footnote added). Plaintiffs' proffer of the Rubino Email fails on all counts. First, the opinions expressed in the Rubino Email are not based on the perception of Mr. Rubino, but rather on the perceptions of others. (*See* Rubino Decl., ¶ 9 ("The February 20, 2005 E-Mail . . . contain[s] observations that are not based upon my own personal knowledge."), Ex. B.) Second, as explained above, the evidence is not relevant because it pertains to opinions regarding the assets of Accredo in 2005, which is well after the Class Period that ended on April 7, 2003. Because it is not relevant, it would not be helpful to the determination of a fact in issue. Further, the opinions in the Rubino Email pertain to issues that require specialized knowledge and expertise – issues of accounting. *See* Advisory Comm. Notes, Fed. R. Evid. 701 ("[L]ay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'") (quoting *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)). Thus, the Rubino Email is properly excluded under Rule 701.

Further, the opinions contained in the Rubino Email are based on discussions with Medco's external auditors, PwC, which were in turn based on discussions PwC had with others. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The opinions in the Rubino Email are based on out-of-court statements by PwC that were summarized in an Email by Mr. Rubino that Plaintiffs intend to offer into evidence to prove their truth and/or Defendants' alleged state of mind from three years earlier. (*See* Rubino Decl., ¶ 9

---

[2] Limitation (a) in Rule 701 is based on the "familiar requirement of first-hand knowledge or observation." *See* Advisory Comm. Notes, Fed. R. Evid. 701.

("The February 20, 2005 E-Mail . . . contain observations that are not based upon my own personal knowledge. Rather, I based these particular observations on conversations I had with individuals at PwC during Medco's due diligence of Accredo."), Ex. B.) The opinions of PwC, in turn, were based on the out-of-court statements of others. (*See* Rubino Email, Ex. A.) Even if the email itself meets one of the exceptions to the hearsay rule, the statements within the email are based on inadmissible hearsay within hearsay and must be excluded. Thus, for this additional reason, the Rubino Email should be excluded from evidence. *See* Fed. R. Evid. 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.").

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion and grant any and all further relief as the Court deems just and proper.

Respectfully submitted this 8th day of September, 2008.

<div style="margin-left: 3em;">

s/ Douglas F. Halijan
Jef Feibelman  (BPR # 7677)
Douglas F. Halijan   (BPR # 16718)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN  38103
(901) 524-5000

Peter Q. Bassett
Kelly C. Wilcove
Scott N. Sherman
Mark D. Trainer
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
(404) 881-7000

Attorneys for Defendants Accredo Health, Inc., David D. Stevens, and Joel R. Kimbrough

</div>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded *via* the Court's electronic filing system, this 8th day of September, 2008 to:

>Tor Gronborg
>Mark Solomon
>Trig R. Smith
>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
>401 B Street, Suite 1700
>San Diego, CA  92101
>
>Timothy A. DeLange
>Blair A. Nicholas
>BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP
>12544 High Bluff Drive, Suite 150
>San Diego, CA  92130
>
>B.J. Wade
>GLASSMAN EDWARDS WADE & WYATT, P.C.
>26 N. Second Street Building
>Memphis, TN  38103

s/ Douglas F. Halijan