UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 03-2216-BBD <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) ) ) ) | LEAD PLAINTIFFS' MOTION *IN LIMINE* NO. 2 PRECLUDING COUNSEL FROM COMMUNICATING WITH A WITNESS UNTIL THE WITNESS' TESTIMONY IS CONCLUDED |

Lead Plaintiffs, Louisiana School Employees' Retirement System and Debra Swiman ("Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully request that the Court issue an order precluding witnesses from communication with counsel or others regarding their testimony between the time they are sworn and the completion of their testimony.

Such an order will minimize the risk of counsel "coaching" a witness, and will insure the unobstructed discovery of truth during witness examinations. As the Supreme Court has stated, "it is entirely appropriate for a trial judge to decide. . . that cross-examination is more likely to elicit truthful responses if it goes forward without allowing the witness an opportunity to consult with third parties, including his or her lawyer." *Perry v. Leeke*, 488 U.S. 272, 282 (1989). This is because:

> Cross-examination often depends for its effectiveness on the ability of counsel to punch holes in a witness' testimony at just the right time, in just the right way. Permitting a witness. . . to consult with counsel after direct examination but before cross-examination grants the witness an opportunity to regroup and regain a poise and sense of strategy that the unaided witness would not possess. This is true even if we assume no deceit on the part of the witness; it is simply an empirical predicate of our system of adversary rather than inquisitorial justice that cross-examination of a witness who is uncounseled between direct examination and cross-examination is more likely to lead to discovery of truth than is cross-examination of a witness who is given time to pause and consult with his attorney.

*Id.* (holding no Constitutional violation on order barring defendant from consulting with his counsel during recess in defendants' testimony). There is no reason justifying a percipient witness' consultation with counsel once they have been sworn.

Accordingly, the Court should order that all witnesses, including defendants David Stevens and Joel Kimbrough, are prohibited from communicating with counsel or others regarding the subject matter of this action between the time they are sworn and the completion of their testimony.

Dated: September 8, 2008

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP


         *s/ Timothy A. DeLange*
             TIMOTHY A. DeLANGE

BLAIR A. NICHOLAS
TIMOTHY A. DeLANGE
BRETT M. MIDDLETON
MATTHEW P. JUBENVILLE
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
TOR GRONBORG
JONAH H. GOLDSTEIN
DAVID W. MITCHELL
TRIG SMITH
NATHAN W. BEAR
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel:   (619) 231-1058
Fax:   (619) 231-7423

*Co-Lead Counsel for Plaintiffs Louisiana School Employees' Retirement System and Debra Swiman*

GLASSMAN EDWARDS WADE
   & WYATT, P.C.
B.J. WADE
26 N. Second Street

Memphis, TN 38103  
Tel:    (901) 527-4673  
Fax:   (901) 521-0904

*Liaison Counsel*

3