UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION  ) ) ) ) | Civil Action No. 03-2216-BBD <br><br> CLASS ACTION |
| This Document Relates To:  ) ) ) ) ) ) | LEAD PLAINTIFFS' MOTION *IN LIMINE* NO. 3 PRECLUDING FACT WITNESSES FROM OFFERING IMPERMISSIBLE OPINION TESTIMONY |
| ALL ACTIONS. | |

Lead Plaintiffs, Louisiana School Employees' Retirement System and Debra Swiman ("Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully move for an Order under Federal Rule of Evidence 701, precluding fact witnesses from offering impermissible opinion testimony.

Federal Rule of Evidence 701 governs the parameters of opinion testimony by fact witnesses:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

In *United States v. White*, 492 F.3d 380 (6th Cir. 2007), the Sixth Circuit discussed the distinction between expert and lay opinions and quoted with approval *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005), where the court observed that "a lay opinion must be the product of reasoning processes familiar to the average person in everyday life." *White*, 492 F.3d at 402. In *White*, the court held that various Medicare auditors could testify based on their personal knowledge of facts relevant to the case, but it was error to allow them to testify and "to apply knowledge and familiarity . . . well beyond that of the average lay person." *Id*. at 403.

Here, Lead Plaintiffs allege that Defendants are liable under §§10(b) and 20(a) of the Securities Exchange Act of 1934 for materially false and misleading statements and omissions disseminated to the public during the June 16, 2002 through April 7, 2003 Class Period. In particular, Lead Plaintiffs allege that Defendants failed to comply with Generally Accepted Accounting Principles or properly account for the receivables associated with the SPS acquisition. As a result of these violations, Lead Plaintiffs allege that Accredo's stock price was

1

artificially inflated during the Class Period and Defendants are liable for compensatory damages resulting from the purchase of Accredo securities.

As such, this case involves interpretation and application of complex accounting rules and damage calculations. In some instances, this task requires specific scientific, technical, accounting and other specialized knowledge. Defendants have indicated their intent to call as fact witnesses former financial personnel at Accredo, including defendant Joel Kimbrough, the former Chief Financial Officer, and auditors from both Ernst & Young LLP and Deloitte & Touche LLP. Defendants did not designate any of these witnesses as expert witnesses and the deadline for doing so is long past. Accordingly, these witnesses should be precluded from offering impermissible expert testimony. At trial, lay witnesses are only allowed to testify based on their personal knowledge of facts relevant to the case, but precluded from applying knowledge and familiarity beyond that of the average lay person. *White*, 492 F.3d at 403; Fed. R. Evid. 701.

Under this rule, to the extent Defendants intend to elicit expert legal, accounting or economic opinions or conclusions from their fact witnesses, such testimony must be excluded. *See* Fed. R. Evid. 701.

Dated: September 8, 2008                                            Respectfully submitted,

                                                                    BERNSTEIN LITOWITZ BERGER
                                                                       & GROSSMANN LLP


                                                                       *s/ Timothy A. DeLange*
                                                                    TIMOTHY A. DeLANGE

                                                                    BLAIR A. NICHOLAS
                                                                    TIMOTHY A. DeLANGE
                                                                    BRETT M. MIDDLETON
                                                                    MATTHEW P. JUBENVILLE

12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
TOR GRONBORG
JONAH H. GOLDSTEIN
DAVID W. MITCHELL
TRIG SMITH
NATHAN W. BEAR
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

*Co-Lead Counsel for Plaintiffs Louisiana School Employees' Retirement System and Debra Swiman*

GLASSMAN EDWARDS WADE
  & WYATT, P.C.
B.J. WADE
26 N. Second Street
Memphis, TN 38103
Tel: (901) 527-4673
Fax: (901) 521-0904

*Liaison Counsel*

3