UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | ) Civil Action No. 03-2216-BBD <br> ) <br> ) <u>CLASS ACTION</u> <br> ) <br> ) LEAD PLAINTIFFS' MOTION *IN* <br> ) *LIMINE* NO. 4 TO PRECLUDE <br> ) REFERENCE TO INVESTMENT <br> ) OR FINANCIAL INFORMATION <br> ) OTHER THAN CLASS PERIOD <br> ) TRANSACTIONS IN ACCREDO <br> ) STOCK |

Louisiana School Employees' Retirement System ("LSERS") and Debra Swiman ( "Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully ask the Court to prohibit Defendants from offering evidence of, or making reference to, any investment or financial information other than plaintiffs' Class Period transactions in Accredo stock.

In all cases presented to a jury, "proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means ...." *See* Fed. R. Evid. 103(c). "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. To be relevant, evidence need have some bearing on the probability of "the existence of any fact that is of consequence to the determination of the action." Fed. R. Evid. 401. Further, evidence may be excluded if it is relevant, but its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

This case is about whether Defendants' conduct resulted in Lead Plaintiffs' purchasing Accredo stock at an inflated price during the Class Period. Therefore, Lead Plaintiffs' relevant financial and investment information is limited by time – the Class Period (June 16, 2002 to April 7, 2003) and the 90-day statutory lookback period (April 8 – July 9, 2003) – and by subject matter – Accredo stock. The jury here is only charged with determining whether and by how much Lead Plaintiffs and the Class were defrauded when they purchased those shares. Any inquiry into Lead Plaintiffs' (1) trading strategies unrelated to Accredo; (2) trading in Accredo securities pre- or post-Class Period; (3) transactions in any other stock at any time; and (4) whether the purchase of Accredo stock was ultimately profitable is irrelevant to whether Defendants violated the federal securities laws.

Specifically, whether any plaintiff profited or lost after disposing of their shares is irrelevant:

> Not only is it unnecessary to allege a loss on sale, it is generally irrelevant to section 10(b) claims. Plaintiffs' eventual realization of a profit or loss upon sale of the shares may result from supervening market forces (e.g., a general stock market rise or crash) that have nothing to do with the misrepresentations that induced the purchase and cased the inflated price.

*Bernstein v. Crazy Eddie, Inc.*, 702 F. Supp. 962, 980 (E.D.N.Y. 1988).

Defendants' only purpose in seeking to introduce financial and investment information other than Class Period transactions would be to penalize Lead Plaintiffs or other Class members for having made some gain in connection with their Accredo stock. The determination of liability here relates only to Defendants' fraudulent inflation of Accredo stock, not whether Lead Plaintiffs eventually netted a gain or loss on their investments, or how other securities in their portfolio were performing. Such evidence is irrelevant to this action and could only serve to distract the jury's attention from the true issues in this case and unfairly prejudice them against Lead Plaintiffs and the Class. *See* Fed. R. Evid. 403.

Accordingly, Lead Plaintiffs request that the Court preclude Defendants from introducing or referencing investment or financial information other than transactions involving Accredo stock during the relevant period (June 16, 2002 – July 9, 2003).

Dated: September 8, 2008                    Respectfully submitted,

                                                      BERNSTEIN LITOWITZ BERGER
                                                            & GROSSMANN LLP

                                                           *s/ Timothy A. DeLange*
                                                           TIMOTHY A. DeLANGE

                                                      BLAIR A. NICHOLAS
                                                      TIMOTHY A. DeLANGE
                                                      BRETT M. MIDDLETON

MATTHEW P. JUBENVILLE
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
TOR GRONBORG
JONAH H. GOLDSTEIN
DAVID W. MITCHELL
TRIG SMITH
NATHAN W. BEAR
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel:  (619) 231-1058
Fax:  (619) 231-7423

*Co-Lead Counsel for Plaintiffs Louisiana School Employees' Retirement System and Debra Swiman*

GLASSMAN EDWARDS WADE
  & WYATT, P.C.
B.J. WADE
26 N. Second Street
Memphis, TN 38103
Tel:  (901) 527-4673
Fax:  (901) 521-0904

*Liaison Counsel*

3