UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>  ALL ACTIONS. | )  Civil Action No. 03-2216-BBD<br>)<br>)  <u>CLASS ACTION</u><br>)<br>)  LEAD PLAINTIFFS' MOTION *IN LIMINE*<br>)  #16 TO PROVIDE CERTAIN<br>)  PRELIMINARY JURY INSTRUCTIONS<br>)<br>) |

Lead Plaintiffs, Louisiana School Employees' Retirement System and Debra Swiman (together, "Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully ask the Court to provide certain preliminary jury instructions, pursuant to Fed. R. Civ. P. 51(b)(3).

According to Fed. R. Civ. P. 51(b)(3), "[t]he court . . . may instruct the jury at any time before the jury is discharged." Lead Plaintiffs request that the Court instruct the jury regarding: direct and circumstantial evidence; corporate entities as parties; class actions; a summary of the case; the purpose of the Securities Exchange Act of 1934; the definitions of recurring securities terms; and the burden of proof before evidence is presented, and ask the Court to re-read these instructions to the jury along with the other instructions at the close of the liability phase.[1]

Instructing the jury prior to the presentation of evidence is likely to better assist the jury in understanding the case, and clarifies for the jurors their role:

> An alternative procedure is to instruct jurors before evidence is presented, thus ***providing them with a framework within which to consider the evidence to come***. Empirical research suggests that preliminary instructions increase juror satisfaction with trials, and assist jurors in following legal guidelines. Judges and attorneys also express satisfaction with preliminary instructions, reporting increased juror attentiveness during the proceeding due to clarification of both the jury's function and of the important issues at trial.[2]

Joe S. Cecil, Valerie P. Hans & Elizabeth C. Wiggins, *Symposium Issue on the Selection and Function of the Modern Jury: Article: Citizen Comprehension of Difficult Issues: Lessons from Civil Jury Trials*, 40 Am. U.L. Rev. 727, 770 (1991).

Black's Law Dictionary defines "direct" evidence as "evidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption." In

---

[1] Lead Plaintiffs have provided these proposed jury instructions to Defendants and counsel for the parties are presently meeting and conferring on mutually-acceptable instructions.

[2] All emphasis added and all internal quotations and citations omitted, unless otherwise noted.

contrast, "circumstantial" evidence is defined as "evidence based on inference and not on personal knowledge or observation." Because the concepts of direct and circumstantial evidence and the burden of proof in a civil case are typically not well understood by jurors, instructions on these concepts before the presentation of evidence would assist jurors in more fairly evaluating the evidence as it is presented to them. *See* John C. Lowe, *Reinventing an Outdated Wheel: Innovations in Complex Litigation*, 2 Va. J.L. & Tech. 6 (1997) ("Particularly in a complex case, the judge should give ***comprehensive*** instructions in lay terms to the jury ***before*** opening statements.") (emphasis is original).

Preliminary instructions are especially important in securities cases because, among other things, direct evidence is ***not*** required to show scienter: "[T]he proof of scienter required in fraud cases is often a matter of inference from circumstantial evidence." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 n.30 (1983); *New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 502 (6th Cir. 2003) (stating that, "direct evidence of scienter is not necessary to a determination of fraud" and "scienter may be proved with circumstantial evidence," citing *Herman & MacLean* with approval); *see also Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996) ("Scienter can be established by direct or circumstantial evidence.").

Congress endorsed this view by requiring, in §21D(b)(2), only facts raising a "strong ***inference***" of scienter, not direct proof. 15 U.S.C. §78u-4(b)(2). "Congress plainly contemplated that scienter could be proven by inference, thus acknowledging the role of indirect and circumstantial evidence." *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 195 (1st Cir. 1999). "There does not appear to be any question that under the PSLRA circumstantial evidence can support a strong inference of scienter." *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 410 (5th Cir. 2001). As the Ninth Circuit recognized in *Ronconi v. Larkin*, 253 F.3d 423, 428 (9th Cir. 2001), "[u]nless reasonable inferences from circumstances suffice to get a case to a jury, the welfare of victimized

investors and the integrity of the stock market may be insufficiently protected from deceptive manipulators."

Thus, at a minimum, the jury should receive a preliminary instruction that, "[s]cienter may be proven and pled by reference to circumstantial evidence, for it is rare that perpetrators of a fraud would confess outright." *In re PeopleSoft, Inc., Sec. Litig.*, No. C 99-00472 WHA, 2000 U.S. Dist. LEXIS 10953, at *9 (N.D. Cal. May 26, 2000) (citing *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)).  Similarly, the purpose of Lead Plaintiffs' requested preliminary jury instructions would be to explain the concepts of direct and circumstantial evidence, to make clear for the jury that a corporate entity can serve as a party to a lawsuit, to define a class action and how it functions, to provide a summary of the case, to clarify the purpose of the Securities Exchange Act of 1934, to define certain recurring securities terms and finally, to explain the burden of proof.  The overall goal of these preliminary instructions is to educate and orient the jurors to the central issues in the trial, so they may better understand the relevance and significance of the evidence as it is presented, rather than in retrospect at the conclusion of the trial.

Accordingly, Lead Plaintiffs request that the Court instruct the jury regarding: direct and circumstantial evidence; corporate entities as parties; class actions; a summary of the case; the purpose of the Securities Exchange Act of 1934; the definitions of recurring securities terms; and the burden of proof before evidence is presented, and ask the Court to re-read these instructions to the jury along with the other instructions at the close of the liability phase.

| | |
|---|---|
| DATED:  September 8, 2008 | Respectfully submitted,<br><br>COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP<br>MARK SOLOMON<br>TOR GRONBORG<br>JONAH H. GOLDSTEIN<br>DAVID W. MITCHELL<br>TRIG R. SMITH<br>NATHAN W. BEAR<br><br>                    s/ TOR GRONBORG                    <br>                    TOR GRONBORG<br><br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br><br>BERNSTEIN LITOWITZ BERGER &<br>  GROSSMANN LLP<br>BLAIR A. NICHOLAS<br>TIMOTHY A. DELANGE<br>BRETT M. MIDDLETON<br>MATTHEW P. JUBENVILLE<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA  92130<br>Telephone:  858/793-0070<br>858/793-0323 (fax)<br><br>Co-Lead Counsel for Plaintiffs<br><br>GLASSMAN, EDWARDS, WADE<br>  & WYATT, P.C.<br>B.J. WADE, #5182<br>26 N. Second Street Building<br>Memphis, TN  38103<br>Telephone:  901/527-4673<br>901/521-0940 (fax)<br><br>Liaison Counsel |

C:\Program Files\DocsCorp\pdfDocs PDF\users\MicheleH\Import\brf00053894 mil8.doc

- 4 -

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 8, 2008.

    s/ TOR GRONBORG
    TOR GRONBORG

    COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
    655 West Broadway, Suite 1900
    San Diego, CA  92101-3301
    Telephone:  619/231-1058
    619/231-7423 (fax)
    E-mail: torg@csgrr.com

# Mailing Information for a Case 2:03-cv-02216-BBD-gbc

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George E. Barrett**
  gbarrett@barrettjohnston.com

- **Nathan W. Bear**
  NBear@csgrr.com,stremblay@csgrr.com

- **Saul C. Belz**
  sbelz@glankler.com,apospisil@glankler.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Linda F Burnsed**
  lburnsed@cbslawyers.net

- **Karen M. Campbell**
  kcampbell@appersoncrump.com

- **F. Guthrie Castle , Jr**
  fgc@castle-law.com

- **Stanley M. Chernau**
  s.chernau@chernau.com

- **Timothy A. DeLange**
  timothyd@blbglaw.com,brettm@blbglaw.com,samj@blbglaw.com,kristinas@blbglaw.com,matthe

- **Amy Ferguson Dudek**
  adudek@glankler.com,apospisil@glankler.com

- **Jef Feibelman**
  jfeibelman@bpjlaw.com,cbiscoe@bpjlaw.com

- **Tor Gronborg**
  torg@csgrr.com,e_file_sd@csgrr.com

- **Douglas F. Halijan**
  dhalijan@bpjlaw.com,mmarshall@bpjlaw.com

- **Dixie W. Ishee**
  woodcarltonishee@bellsouth.net

- **Matthew P. Jubenville**
  matthewj@blbglaw.com

- **Emily C. Komlossy**
  ekomlossy@faruqilaw.com

- **Quitman Robins Ledyard , II**
  bledyard@borodandkramer.com

- **Brett M. Middleton**
  brettm@blbglaw.com

- **Timothy L. Miles**
  tmiles@barrettjohnston.com

- **David W. Mitchell**
  davidm@csgrr.com

- **Blair N. Nicholas**
  blairn@blbglaw.com

- **Russell F.A. Riviere**
  russellr@blbglaw.com

- **Kevin Hunter Sharp**
  ksharp@dsattorneys.com

- **Scott N. Sherman**
  scott.sherman@alston.com

- **Gary K. Smith**
  gsmith@appersoncrump.com,clunsford@appersoncrump.com,kcampbell@appersoncrump.com

- **Trig R. Smith**
  trigs@csgrr.com

- **Mark D. Trainer**
  mark.trainer@alston.com

- **B. J. Wade**
  bwade@gewwlaw.com

- **Allison Wannamaker**
  wannamakera@thomasonlaw.com

- **Kelly C. Wilcove**
  kelly.wilcove@alston.com,valerie.nouman@alston.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ramzi Abadou**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Guri Ademi**
ADEMI & O'REILLY, LLP
3620 East Layton Ave.
Cudahy, WI 53110

**Shpetim Ademi**
ADEMI & O'REILLY, LLP
3620 East Layton Ave.
Cudahy, WI 53110

**Lauren S. Antonino**
CHITWOOD & HARLEY
1230 Peachtree St., N.E.
2900 Promenade II
Atlanta, GA 30309

**Peter Q. Bassett**
ALSTON & BIRD
1201 West Peachtree St.
Atlanta, GA 30309-3424

**Javier Bleichmar**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Martin D. Chitwood**
CHITWOOD HARLEY & HARNES LLP
1230 Peachtree St., N.E.
2900 Promenade II
Atlanta, GA 30309

**Patricia A. Connell**
ERNST & YOUNG
5 Times Square
New York, NY 10036-6530

**Gregory M. Egleston**
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

**Nadeem Faruqi**
FARUQI & FARUQI, LLP
369 Lexington Avenue
10th Floor
New York, NY 10017

**Mark C. Gardy**
ABBEY GARDY, LLP
212 East 39th St.
New York, NY 10016

**Carol V. Gilden**
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr.
Ste. 1800
Chicago, IL 60606-1615

**Karen M. Hanson**
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

**Ronald B. Hauben**
ERNST & YOUNG
5 Times Square
New York, NY 10036-6530

**Marc S. Henzel**
LAW OFFICES OF MARC S. HENZEL
273 Montgomery Ave.
Ste. 202
Bala Cynwyd, PA 19004

**Fred Taylor Isquith**, Esq
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

**Douglas S. Johnston**
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201-1601

**Nancy Kaboolian**
ABBEY GARDY, LLP
212 East 39th St.
New York, NY 10016

**William S. Lerach**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Mel E. Lifshitz**
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

**Richard A. Lockridge**
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

**Douglas M McKeige**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Eitan Misulovin**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Michael E. Moskovitz**
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr.
Ste. 1800
Chicago, IL 60606-1615

**Gregory M. Nespole**                                                          , Esq
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

**Darren J Robbins**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 W. Broadway
Ste. 1900
San Diego, CA 92101

**Robert M. Roseman**
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market St.
Ste. 2500
Philadelphia, PA 19103

**David A. Rosenfeld**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
200 Broadhollow Rd.
Ste. 406
Melville, NY 11747

**Samuel H. Rudman**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
200 Broadhollow Rd.
Ste. 406
Melville, NY 11747

**Mark Solomon**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Marc A. Topaz**
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087