UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION ) ) ) ) | Civil Action No. 03-2216-BBD <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. ) ) ) ) ) ) | LEAD PLAINTIFFS' MOTION *IN LIMINE* NO. 5 PRECLUDING EVIDENCE OF LSERS' INVOLVEMENT IN OTHER SECURITIES LITIGATION |

Lead Plaintiffs, Louisiana School Employees' Retirement System ("LSERS") and Debra Swiman ("Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully move the Court for an order excluding any evidence of, or reference to, additional securities class actions which LSERS is or has been a plaintiff.

Reference to any other securities class actions in which LSERS or any of the attorneys here are or have been involved would be irrelevant to defendants' liability and, therefore, is not admissible. *See* Fed. R. Evid. 402. Even if evidence of unrelated securities class actions somehow produced a scintilla of relevant evidence, which it cannot, it should nevertheless be excluded because its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* Fed. R. Evid. 403.

Defendants repeatedly questioned LSERS' General Counsel, Warren Ponder, Esq., regarding LSERS' involvement in additional securities class actions at his deposition and may now attempt to question him at trial about additional litigations. *See* Ponder Tr. at 23:20-26:6; 28:2-29:19; 30:5-31:835:14-38:21. This questioning led to no relevant evidence, and has not been referenced by defendants in any motions, dispositive or otherwise, in this case to date. This is not surprising given the fact that this case is about whether defendants violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), not about any plaintiff's conduct.

Any reference to other litigation could likewise be made with only one intention: to unfairly prejudice the jury based on biases jurors may have about parties or lawyers who sue. For this reason, courts have found that such evidence should be excluded. *See Eng. v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993) (evidence of plaintiff's prior litigations as an inmate,

1

purportedly offered to show plaintiff's experience as a witness, excluded because it could paint plaintiff as litigious); *United States Football League v. National Football League*, 634 F. Supp. 1155-1171-73 (S.D.N.Y. 1986) (in antitrust action, prior antitrust lawsuits against defendant excluded as slight probative value outweighed by potentially high emotive impact). As such, any evidence of, or reference to, LSERS' involvement in additional and unrelated securities class actions should be excluded. Fed. R. Evid. 403.

Dated: September 8, 2008

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP


    *s/ Timothy A. DeLange*
  TIMOTHY A. DeLANGE

BLAIR A. NICHOLAS
TIMOTHY A. DeLANGE
BRETT M. MIDDLETON
MATTHEW P. JUBENVILLE
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
TOR GRONBORG
JONAH H. GOLDSTEIN
DAVID W. MITCHELL
TRIG SMITH
NATHAN W. BEAR
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel:   (619) 231-1058
Fax:   (619) 231-7423

*Co-Lead Counsel for Plaintiffs Louisiana School Employees' Retirement System and Debra Swiman*

2

3

                                            GLASSMAN EDWARDS WADE
                                                & WYATT, P.C.
B.J. WADE
26 N. Second Street
Memphis, TN 38103
Tel:    (901) 527-4673
Fax:   (901) 521-0904

*Liaison Counsel*

3