IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION  ) ) ) ) ) | |
| | Civil Action No. 03-CV-2216-BBD |
| This Document Relates To:  ) ) ) | CLASS ACTION |
| ALL ACTIONS  ) | |

# MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY, REFERENCE TO, OR EVIDENCE REGARDING PURPORTED VIOLATIONS OF THE SARBANES-OXLEY ACT OF 2002

Defendants Accredo Health, Inc. ("Accredo"), David D. Stevens, and Joel R. Kimbrough (collectively, "Defendants"), submit this memorandum in support of their motion in limine for an order excluding from evidence at trial any testimony concerning, any reference to, and any records and documents regarding purported violations of the Sarbanes-Oxley Act of 2002 ("SOX") in the above-styled matter (collectively, "SOX Evidence").

## INTRODUCTION

Plaintiffs have made clear their intent to offer evidence and argument at trial regarding purported violations of SOX by Defendants David Stevens, the former Chief Financial Office of Accredo, and Joel Kimbrough, the former Chief Financial Officer of Accredo, in support of their allegations of motive and intent. This is evidenced by Plaintiffs' effort to proffer expert testimony from Professor Mercer Bullard, who singularly opines that Mr. Stevens and Mr. Kimbrough violated Sections 302 and 906 of SOX by filing purportedly false and/or misleading certifications for Accredo's 2002 Form 10-K, 1Q 2003 Form 10-Q and 2Q 2003 Form 10-Q.

(*See* Bullard Report and Bullard Rebuttal Report (collectively the "Bullard Reports"), attached as Exs. A and B to Defendants' *Daubert* Motion to Exclude the Expert Opinions and Testimony of Mercer Bullard.) Plaintiffs, however, do not allege that Defendants Stevens or Kimbrough filed false and/or misleading certifications in their Complaint. Nor do Plaintiffs assert any purported violation of SOX in their Complaint. Thus, any testimony concerning, any reference to, and any records and documents regarding purported violations of SOX should be excluded as irrelevant under Federal Rule of Evidence 402. Further, to the extent such evidence may be deemed to be relevant, it is inadmissible under Rule 403 of the Federal Rules of Evidence because any potential probative value it may have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and/or by considerations of undue delay and waste of time.[1]

## ARGUMENT

### I.   Plaintiffs' SOX Evidence is Not Relevant.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402; *see also Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 587 (6th Cir. 1994).

As discussed above, Plaintiffs have not alleged that Defendants violated any sections of SOX in the Complaint. Plaintiffs also have failed to make any reference to SOX throughout this litigation other than in the Bullard Reports. Where there is no claim for a violation of SOX in

---

[1] Defendants have also filed a *Daubert* Motion to Exclude the Expert Opinions and Testimony of Mercer Bullard and memorandum in support thereof ("Bullard *Daubert* Motion"). The present Motion is intended to exclude not just testimony and expert reports from Professor Bullard regarding purported SOX violations but also any testimony concerning, any reference to, and any records or documents regarding SOX and purported violations thereof.

2

the Complaint (nor can there be)[2], evidence that purports to establish a violation of SOX is not relevant. *See, e.g., Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 555 (5th Cir. 2007) (holding that the Sarbanes-Oxley certification did not permit an inference of scienter where "CLPF does not clearly explain the link between these statements about the internal controls and the actual accounting and reporting problems that arose" and where "IES urges that there is not an allegation that on a particular date the certifications were made, the internal controls at IES were inadequate").

Further, any argument by Plaintiffs that this evidence is probative of scienter – a required element Plaintiffs must prove to establish a violation of Section 10(b) of the Securities Exchange Act of 1934 – is flawed. For example, Mr. Bullard's conclusion in the Bullard Report that Mr. Stevens and Mr. Kimbrough violated SOX relies on a presumption that Mr. Stevens and Mr. Kimbrough acted knowingly. (*See generally* Bullard *Daubert* Motion.) Moreover, the Bullard Rebuttal Report opines that these defendants violated SOX, but the opinion is based on an incomplete analysis of the relevant facts and testimony. (*See generally* Bullard *Daubert* Motion.) Despite this, Plaintiffs attempt to proffer Mr. Bullard's findings of SOX violations to prove that Mr. Stevens and Mr. Kimbrough acted knowingly to provide evidence of scienter in support of Plaintiffs' allegations under the Securities Exchange Act of 1934 ("Exchange Act") § 10(b) and Rule 10b-5. Thus, Plaintiffs' argument amounts to nothing more than circular reasoning: If defendants acted knowingly, they violated SOX, and, if they violated SOX, they acted knowingly in violation of the Exchange Act. Mr. Bullard's conclusion of a SOX violation based on presumed knowledge in the Bullard Report, or his flawed opinion in the Bullard Rebuttal Report based on incomplete information, does not make the determination of

---

[2] As Professor Bullard testified, no private right of action exists for SOX certification violations. (*See* Bullard *Daubert* Motion at 6 (citing Bullard Dep. 132:4-11).)

3

knowledge more probable or less probable than it would be without the evidence. Accordingly, any testimony concerning, any reference to, and any records and documents regarding purported violations of SOX should be excluded under Rule 402 because such evidence is not relevant.

## II.     The SOX Evidence is Inadmissible Under Rule 403.

Even if the Court were to determine that such evidence may be relevant, its potential probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or waste of time. Rule 403 of the Federal Rules of Evidence provides that, even if evidence is relevant, it is nonetheless inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The district court has broad discretion in assessing the admissibility of evidence under Rule 403, and the Court's determination will be reversed only upon a finding that the Court abused its discretion. *See Black*, 15 F.3d at 587.

"Unfair prejudice" is "an undue tendency to suggest a decision on an improper basis . . . ." Advisory Comm. Notes, Fed. R. Evid. 403; *see also Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19, 23 (6th Cir. 1984) (exclusion of evidence was proper where "the jury may have been influenced by the [excluded evidence] to afford it greater weight than it was worth" and where the evidence "contains extraneous criticisms . . . that might have swayed the jury although not necessarily relevant to the case"). Rule 403 requires courts to "balanc[e] the probative value of and need for the evidence against the harm likely to result from its admission." Advisory Comm. Notes, Fed. R. Evid. 403; *see also Black*, 15 F.3d at 587 (affirming district court's exclusion of evidence where the possible prejudice outweighed the negligible probative value of the evidence). Inherent in the consideration is whether there is other evidence which proves the

same facts sought to be proven by the evidence sought to be excluded. *See Bright*, 756 F.2d at 23 (upholding district court's exclusion of evidence where "'much of [the proposed evidence] could really be argued on the basis of what's already in evidence and on reasonable inferences that might be drawn from those facts that are in evidence.'").

Allowing Plaintiffs to submit an expert report or other testimony or argument that presumes and/or improperly concludes that Defendants acted with an intent to deceive (to establish a violation of SOX) to prove that Defendants acted with an intent to deceive (to establish a violation of the Exchange Act) would confuse the jury and unduly prejudice Defendants. The potential to confuse and mislead the jury is particularly evident here where nowhere in the Complaint or otherwise have Plaintiffs attempted to allege or explain the purported link between SOX certifications, Accredo internal controls, and Plaintiffs' claims about the purported accounting irregularities regarding the SPS accounts receivable reserve ("A/R Reserve"), which notably never led to any restatement of Accredo's financial statements. The law simply does not allow Plaintiffs to take this extremely belated effort now to bootstrap a purported SOX certification violation into an Exchange Act fraud violation. (*See* Bullard *Daubert* Motion at 9-10.)

Moreover, there is great risk that the trier of fact would decide that Defendants acted with scienter on an improper basis – namely, that Mr. Bullard's conclusion that Defendants violated the certification requirements of SOX, which presumes that Defendants acted knowingly, proves that Defendants acted with scienter under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). Even worse, there is great risk that the jury will understand Mr. Bullard's opinion that Defendants violated SOX to mean that Defendants violated Sections 10(b) and 20(a) when his original report only assumes without any factual investigation that such intent

has been proven, and the Bullard Rebuttal Report reaches the same conclusion without considering key testimony and documents *(see generally* Bullard *Daubert* Motion). Plaintiffs' efforts to introduce SOX-related arguments and evidence to the jury, where they have failed to make any complaint allegations concerning SOX or discuss SOX in any manner, will not assist the trier of fact. Rather, it will simply confuse the jury and unfairly prejudice Defendants, where clearly under the law a SOX violation does not establish a securities fraud violation. *Ley v. Visteon Corp.*, No. 06-2237, 2008 WL 3905469, at *9 (6th Cir. Aug. 26, 2008) (agreeing with district court and declining "to interpret the signed **certifications** as evidence of scienter, as doing so would be to hold company executives strictly liable for innocent accounting mistakes" and holding only that allegations concerning "**Sarbanes**-Oxley **certification** is only probative of scienter if the person signing the **certification** was severely reckless in certifying the accuracy of the financial statements").

In addition, the evidence is unnecessary in view of other evidence Plaintiffs will undoubtedly offer in an effort to prove Defendants' knowledge and intent that is not unfairly prejudicial and confusing to the trier of fact. It would be a waste of time and entirely confusing to the jury if Plaintiffs were permitted to spend time arguing that Defendants violated the certification requirements of SOX – something they do not even allege in their Complaint and a violation of which does not satisfy all of the elements of a Section 10(b) and Section 20(a) claim. The negligible probative value of this evidence, if any, is outweighed when balanced against the confusing and unduly prejudicial nature of the evidence. Accordingly, any testimony concerning, any reference to, and any records and documents regarding purported violations of SOX should be excluded under Rule 403 of the Federal Rules of Evidence.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion and grant any and all further relief as the Court deems just and proper.

Respectfully submitted this 8th day of September, 2008.

                                      s/ Douglas F. Halijan
Jef Feibelman (BPR # 7677)
Douglas F. Halijan (BPR # 16718)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
(901) 524-5000

Peter Q. Bassett
Kelly C. Wilcove
Scott N. Sherman
Mark D. Trainer
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

Attorneys for Defendants Accredo Health, Inc., David D. Stevens, and Joel R. Kimbrough

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded *via* the Court's electronic filing system, this 8th day of September, 2008 to:

>Tor Gronborg
>Mark Solomon
>Trig R. Smith
>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
>401 B Street, Suite 1700
>San Diego, CA  92101
>
>Timothy A. DeLange
>Blair A. Nicholas
>BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP
>12544 High Bluff Drive, Suite 150
>San Diego, CA  92130
>
>B.J. Wade
>GLASSMAN EDWARDS WADE & WYATT, P.C.
>26 N. Second Street Building
>Memphis, TN  38103

s/ Douglas F. Halijan