UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | | |
|---|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 03-2216-BBD <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) ) ) ) | LEAD PLAINTIFFS' MOTION *IN LIMINE* NO. 6 TO PRECLUDE EVIDENCE AND ARGUMENT CONCERNING DEFENDANTS' RELIANCE ON COUNSEL DEFENSE |

Lead Plaintiffs, Louisiana School Employees' Retirement System ("LSERS") and Debra Swiman ("Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully ask the Court to preclude Defendants from presenting any evidence at trial to demonstrate their alleged reliance on the advice of counsel concerning events at issue in this case.

All such evidence should be excluded because Defendants have not asserted a reliance-on-advice-of-counsel defense and have blocked Lead Plaintiffs' efforts to acquire information regarding the facts surrounding such a defense by claiming that such information was protected from discovery by the attorney-client privilege. Accordingly, considerations of fairness require that Defendants be precluded from presenting at trial evidence supporting this defense. Defendants cannot have it both ways – they cannot affirmatively raise in their own defense the "fact" of "reliance on advice of counsel," while foreclosing Lead Plaintiffs' opportunity to probe the circumstances surrounding that advice, including the substance thereof.

The elements of the reliance-on-advice-of-counsel defense are (1) full disclosure of all pertinent facts to counsel, and (2) good faith reliance on counsel's advice. *United States v. Lindo*, 18 F .3d 353, 356 (6th Cir.1994); *See also* 1A Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions § 19.08 (5th ed. 2000). A litigant can use this defense to negate the mental state element of an offense if he can show he relied on the advice of an attorney in taking certain actions.

The Sixth Circuit, along with other circuits, recognizes that invocation of the advice-of-counsel defense, however, waives any claim to privilege as to the subject matter of the advice. *Michlin v. Canon, Inc.*, 208 F.R.D. 172 (E.D.Mich.2002); *Cox v. Administrator U.S. Steel & Carnegie,* 17 F.3d 1386, 1418 (11th Cir.) (holding that "it would be inequitable to allow [the

Defendant] to present evidence tending to show that it intended to comply with the law, while allowing it to cloak in privilege those documents tending to show it might have known its actions did not conform to the law"); *In re Omnicom Group Inc. Sec. Litig.*, 233 F.R.D. 400, 413 (S.D.N.Y. 2006) (noting where "a defendant invokes a good-faith defense" on the basis of an opinion of counsel, the attorney-client privilege is waived as to the defendant's "conversations with his attorney on this topic."). As a result of this waiver, the party opposing the defense is afforded an opportunity to test the legitimacy of the advice rendered. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476,486 (3d Cir. 1995); *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2004 WL 936320, at *1 (S.D.N.Y. May 3, 2004) (permitting discovery concerning the advice of counsel).

Fox example, in *Glenmede*, defendants in a fraud action offered as evidence an opinion letter written by its counsel concerning notification issues in a stock buy-back transaction. Plaintiffs subsequently sought, and were granted, disclosure of the authoring law firm's entire file concerning, and all services performed in connection with, the buy-back transaction, including documents underlying the opinion letter. *Id.* at 479-80. The *Glenmede* court held that an exception to the attorney-client privilege was warranted when the advice of counsel defense is raised – based on considerations of "fairness," as:

> The party opposing the defense of reliance on advice of counsel must be able to test what information had been conveyed by the client to counsel and vice-versa regarding that advice – whether counsel was provided with all material facts in rendering their advice, whether counsel gave a well-informed opinion and whether that advice was heeded by the client.

*Id.* at 486.12

Here, there are a number of facts indicating that Defendants in this action may attempt to invoke the advice-of-counsel defense. While they have not explicitly stated that they will rely on

2

the advice-of-counsel defense, Defendants' thirtieth (30th) affirmative defense explicitly reserves the right to assert additional affirmative defenses based on facts "currently unknown to Defendants" that are "revealed through the course of discovery." Moreover, based on facts revealed to Plaintiffs throughout the discovery period, it seems likely that Defendants may attempt to assert this defense in an effort to absolve themselves of liability for their violations of the federal securities laws.

First, Accredo's current litigation counsel, Alston & Bird ("A&B"), performed significant transactional work for Accredo during the relevant period including participation in the due diligence for the SPS acquisition. As a result of this work, A&B was intimately familiar with the Accredo financial statements, and the ongoing value of the accounts receivable at issue in this case. Further, discovery has revealed that while Accredo management was researching the accounting treatment for the increase in allowance for doubtful accounts, they approached A&B for assistance. In fact, A&B's Dennis Garris contacted the SEC in early April to inquire about the SEC's position regarding changes to accounts receivable reserves post-acquisition. Although there is no documentary record of the inquiry, Accredo asserted to its successor auditors, Deloitte & Touche LLP, that the SEC advised that the increase in doubtful accounts be treated as a change in estimate rather than an error. Accredo has continually relied on its ultimate decision to account for the increase as a change in estimate to rebut the assertion that it knew about the problems at SPS far before it disclosed them to the public.

Despite these facts, Defendants have withheld numerous documents related to A&B's involvement in the accounting decision on the basis of attorney-client privilege and work product.[1] *See* Accredo Hard-Copy Document Privilege Log at Entries 277-78; Alston & Bird

---

[1] The Alston & Bird Litigation Files Privilege Log from April through September 2003 admits on page 1 that A&B consulted with the SEC "regarding the SPS receivables."

3

Accredo Litigation Files Privilege Log From April Through September 2003 at Entries 206, 271, 311-15.  Defendants have also withheld countless documents relating to A&B's involvement in the SPS due diligence process.  Further, attorneys from A&B have stated throughout the litigation that they did not advise Accredo as to the proper accounting for the increase in allowance for doubtful accounts.  Defendants' counsel, Kelly Wilcove, explicitly stated: "We [A&B] don't provide accounting advice.  I'll state that for the record.  Couldn't possibly have given accounting advice."  Deposition of Joel Kimbrough at 730:11-14.  To now allow Defendants to attempt to negate their scienter by relying on the advice of their counsel relating to the SPS acquisition and Accredo's accounting and public statements would be improper and unfair given the fact that Plaintiffs have had no opportunity to review the withheld documents, and to develop the record relating to this defense.

Fairness dictates that Defendants should be precluded from invoking the advice-of-counsel as they have (1) refused to produce relevant documents relating to the advice of counsel defense; and (2) have repeatedly asserted that Accredo did not rely on counsel for accounting advice related to the increase in the SPS allowance for doubtful accounts.

Dated: September 8, 2008　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　BERNSTEIN LITOWITZ BERGER
　　　　　　　　　　　　　　　　　　　　　　　& GROSSMANN LLP


　　　　　　　　　　　　　　　　　　　　　___*s/ Timothy A. DeLange*___
　　　　　　　　　　　　　　　　　　　　　　　TIMOTHY A. DeLANGE

　　　　　　　　　　　　　　　　　　　　　BLAIR A. NICHOLAS
　　　　　　　　　　　　　　　　　　　　　TIMOTHY A. DeLANGE
　　　　　　　　　　　　　　　　　　　　　BRETT M. MIDDLETON
　　　　　　　　　　　　　　　　　　　　　MATTHEW P. JUBENVILLE
　　　　　　　　　　　　　　　　　　　　　12481 High Bluff Drive, Suite 300
　　　　　　　　　　　　　　　　　　　　　San Diego, CA 92130

Tel: (858) 793-0070
Fax: (858) 793-0323

COUGHLIN STOIA GELLER
　RUDMAN & ROBBINS LLP
TOR GRONBORG
JONAH H. GOLDSTEIN
DAVID W. MITCHELL
TRIG SMITH
NATHAN W. BEAR
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

*Co-Lead Counsel for Plaintiffs Louisiana School Employees' Retirement System and Debra Swiman*

GLASSMAN EDWARDS WADE
　& WYATT, P.C.
B.J. WADE
26 N. Second Street
Memphis, TN 38103
Tel: (901) 527-4673
Fax: (901) 521-0904

*Liaison Counsel*

5