UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION ) ) ) ) | Civil Action No. 03-2216-BBD <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. ) ) ) ) ) ) | LEAD PLAINTIFFS' MOTION *IN LIMINE* NO. 7 TO PRECLUDE EVIDENCE AND ARGUMENT RELATING TO ANY NON-PARTY'S PROPORTIONATE LIABILITY |

Lead Plaintiffs, Louisiana School Employees' Retirement System ("LSERS") and Debra Swiman ("Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully ask the Court to prohibit Defendants from offering evidence or argument relating to any non-party's proportionate liability.

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a defendant is jointly and severally liable for knowingly disseminating false or misleading statements which caused a plaintiffs' damages.  However, in cases where the fact-finder determines that the false and misleading statements were made with reckless disregard, the PSLRA provides for proportionate liability. § 78u-4(f)(8); *In re Cendant Corp. Litig.*, 264 F.3d 201, 237 & n. 19 (3d Cir.2001), *cert. denied sub nom. Mark v. Cal. Public Employees' Retirement Sys.*, 535 U.S. 929, 122 S.Ct. 1300, 152 L.Ed.2d 212 (2002); *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 200 (1st Cir.1999).

In either case, if the defendant has claimed that a third party has caused or contributed to the loss incurred by the plaintiffs, the court: "shall instruct the jury to answer special interrogatories…concerning –

(1) whether such person violated the securities laws;

(2) the percentage of responsibility of such [third party], measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff; and

(3) whether such person knowingly committed a violation of the securities laws."

Here, despite discovery requests, Defendants have refused to identify any third parties that could be proportionately liable.  Accordingly, Defendants should be prohibited from offering evidence or argument relating to any non-party's proportionate liability.  Additionally, the jury should be instructed that there are no other parties that they can assign fault to under the PSLRA other than defendants Accredo Health, Inc., David D. Stevens, and Joel R. Kimbrough.

2

Dated: September 8, 2008　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　BERNSTEIN LITOWITZ BERGER
　　　　　　　　　　　　　　　　　　　　　　 & GROSSMANN LLP


　　　　　　　　　　　　　　　　　　　　　　　　*s/ Timothy A. DeLange*
　　　　　　　　　　　　　　　　　　　　　　　 TIMOTHY A. DeLANGE

　　　　　　　　　　　　　　　　　　　　　BLAIR A. NICHOLAS
　　　　　　　　　　　　　　　　　　　　　TIMOTHY A. DeLANGE
　　　　　　　　　　　　　　　　　　　　　BRETT M. MIDDLETON
　　　　　　　　　　　　　　　　　　　　　MATTHEW P. JUBENVILLE
　　　　　　　　　　　　　　　　　　　　　12481 High Bluff Drive, Suite 300
　　　　　　　　　　　　　　　　　　　　　San Diego, CA 92130
　　　　　　　　　　　　　　　　　　　　　Tel:　(858) 793-0070
　　　　　　　　　　　　　　　　　　　　　Fax:　(858) 793-0323

　　　　　　　　　　　　　　　　　　　　　COUGHLIN STOIA GELLER
　　　　　　　　　　　　　　　　　　　　　　 RUDMAN & ROBBINS LLP
　　　　　　　　　　　　　　　　　　　　　TOR GRONBORG
　　　　　　　　　　　　　　　　　　　　　JONAH H. GOLDSTEIN
　　　　　　　　　　　　　　　　　　　　　DAVID W. MITCHELL
　　　　　　　　　　　　　　　　　　　　　TRIG SMITH
　　　　　　　　　　　　　　　　　　　　　NATHAN W. BEAR
　　　　　　　　　　　　　　　　　　　　　655 West Broadway, Suite 1900
　　　　　　　　　　　　　　　　　　　　　San Diego, CA 92101
　　　　　　　　　　　　　　　　　　　　　Tel:　(619) 231-1058
　　　　　　　　　　　　　　　　　　　　　Fax:　(619) 231-7423

　　　　　　　　　　　　　　　　　　　　　*Co-Lead Counsel for Plaintiffs Louisiana School Employees' Retirement System and Debra Swiman*

　　　　　　　　　　　　　　　　　　　　　GLASSMAN EDWARDS WADE
　　　　　　　　　　　　　　　　　　　　　　 & WYATT, P.C.
　　　　　　　　　　　　　　　　　　　　　B.J. WADE
　　　　　　　　　　　　　　　　　　　　　26 N. Second Street
　　　　　　　　　　　　　　　　　　　　　Memphis, TN 38103
　　　　　　　　　　　　　　　　　　　　　Tel:　(901) 527-4673
　　　　　　　　　　　　　　　　　　　　　Fax:　(901) 521-0904

　　　　　　　　　　　　　　　　　　　　　*Liaison Counsel*

2