UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION ) ) ) ) | Civil Action No. 03-2216-BBD <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. ) ) ) ) ) ) ) | LEAD PLAINTIFFS' MOTION *IN LIMINE* NO. 8 TO PRECLUDE EVIDENCE OR ARGUMENT BY DEFENDANTS REGARDING AGGREGATE DAMAGES |

Lead Plaintiffs, Louisiana School Employees' Retirement System ("LSERS") and Debra Swiman ("Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully request that the Court prohibit Defendants from offering evidence or argument relating to the aggregate damages suffered by Lead Plaintiffs and the class of Accredo investors.

In all cases presented to a jury, "proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means ...." See Fed. R. Evid. 103(c). "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. To be relevant, evidence need have some bearing on the probability of "the existence of any fact that is of consequence to the determination of the action." Fed. R. Evid. 401. Further, evidence may be excluded if it is relevant, but its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Unfair prejudice within the meaning of Rule 403 "means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Notes of the Advisory Committee on Proposed Federal Rules of Evidence, 28 U.S.C.A Rule 403 at 102.

As an initial matter, evidence and argument concerning aggregate damages is not relevant to the determination of damages in this case. Plaintiffs have the burden of proof regarding this element, and both sides plan to offer expert testimony to assist the jury in understanding the relatively complex nature of the economic issues here. 3 Moore's Federal Practice § 16.77[4][d][iii] (3d ed. 1997). Lead Plaintiffs plan to offer expert testimony that the inflation to Accredo stock during the Class Period was constant, at $8.48 *per share*. Defendants presumably will also offer expert testimony regarding damages, and Defendants' expert opined in his report

1

that "the impact of the announcement related to the allowance for doubtful accounts receivable was a *maximum* of $1.26 **per share**." See Expert Rebuttal Report of Christopher M. James at 2 (some emphasis in original, some added). It is clear that aggregate damages are not relevant to the jury's determination of damages in this case.

In fact, even if aggregate damages were determined to be relevant, Defendants would be unable to offer any evidence to rebut Lead Plaintiffs' expert's calculation of $8.48 "per share." This is because in order to calculate aggregate damages, one must know the number of damaged shares. While Lead Plaintiffs' expert did run a trading model to determine the number of damaged shares, Defendants' expert chose not to calculate this number as part of his expert report or rebuttal report. In fact, the only reference in his reports to an aggregate damages number utilizes Lead Plaintiffs' expert's calculation of the number of damaged shares. Therefore, Defendants should not now be permitted to influence the jury by referencing an aggregate damages number.

To allow Defendants at trial to present evidence and argument about aggregate damages not only risks misleading and confusing the jury – given that Lead Plaintiffs' expert's testimony and Defendants' expert's report each have opined on "per share" damages – but would be extremely prejudicial to the extent that Defendants try to shock the jury with the magnitude of a possible verdict for Lead Plaintiffs and Accredo investors. In fact, the only purpose for referencing any aggregate damage number would be to invoke an improper emotional response from the jury, a tactic clearly prohibited by Rule 403.

Accordingly, Lead Plaintiffs respectfully request that the Court order that that the Court prohibit Defendants from offering evidence or argument relating to the aggregate damages.

Dated: September 8, 2008

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP


    *s/ Timothy A. DeLange*
    TIMOTHY A. DeLANGE

BLAIR A. NICHOLAS
TIMOTHY A. DeLANGE
BRETT M. MIDDLETON
MATTHEW P. JUBENVILLE
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
TOR GRONBORG
JONAH H. GOLDSTEIN
DAVID W. MITCHELL
TRIG SMITH
NATHAN W. BEAR
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel:   (619) 231-1058
Fax:  (619) 231-7423

*Co-Lead Counsel for Plaintiffs Louisiana School Employees' Retirement System and Debra Swiman*

GLASSMAN EDWARDS WADE
   & WYATT, P.C.
B.J. WADE
26 N. Second Street
Memphis, TN 38103
Tel:   (901) 527-4673
Fax:  (901) 521-0904

*Liaison Counsel*

4