UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | | |
|---|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION | ) ) ) | Civil Action No. 03-2216-BBD |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) ) | LEAD PLAINTIFFS' MOTION *IN LIMINE* #19 TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OF THE PRICE OR MOVEMENT OF ACCREDO SECURITIES AFTER THE STATUTORY 90-DAY "LOOK BACK" PERIOD |

Lead Plaintiffs, Louisiana School Employees' Retirement System and Debra Swiman (together, "Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully ask the Court to prohibit Defendants from introducing evidence of the price or movement of Accredo securities after the statutory 90-day "look back" period set forth in 15 U.S.C. 78u-4(e).

Defendants should be precluded from offering evidence of the price or movement of Accredo common stock following July 7, 2003, the last day of the statutory 90-day "look back" period set forth in 15 U.S.C. 78u-4(e).  Lead Plaintiffs expect Defendants will argue at trial that positive movements of Accredo stock following that date, including Accredo's acquisition by MedCo Health Solutions, Inc. on August 18, 2005, somehow inoculate their fraudulent behavior during the Class Period or minimize the damages suffered by investors.

Evidence of Accredo's stock price movement after July 7, 2003 is irrelevant to any issue in this case, including the core issue of whether Defendants made false and misleading statements during the Class Period.  Further, there is no evidentiary foundation for the notion that Accredo's stock price or movement long after the underlying events says anything at all about Defendants' wrongdoing in this case.  As discussed below, the stock trading history for the 90 days following the April 8, 2003 corrective disclosure that ends the Class Period in this case is relevant for the *sole* purpose of calculating and limiting the Class' recoverable damages. 15 U.S.C. 78u-4(e).  Yet, evidence regarding post-July 7, 2003 price or movements of Accredo securities may be misleading to a jury and unfairly prejudicial, especially if Defendants suggest that those price movements somehow vindicate their prior fraudulent actions.  The minimal probative value is substantially outweighed by the unfair prejudicial effect of such argument.  *See* Fed. R. Evid. 403.  Therefore, all such evidence and all arguments based on such evidence should be precluded.

Evidence of Accredo's stock price movement through July 7, 2003, is relevant for one reason and one reason only:  to calculate damages under the "look back" provision of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e)(1), which limits damages to the difference between the purchase price and the mean trading price of the security during the 90-day period beginning on the day of the corrective disclosure.[1]  July 7, 2003 is the last day of the 90-day period following the revelation on April 8, 2003 that Accredo had not adequately reserved for the A/R of the SPS acquisition.

_____

[1]15 U.S.C. § 78u-4(e) provides as follows:

(e) Limitation on damages

(1) In general

Except as provided in paragraph (2), in any private action arising under this title . . . in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

(2) Exception

In any private action arising under this title . . . in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

(3) Definition

For purposes of this subsection, the "mean trading price" of a security shall be an average of the daily trading price of that security, determined as of the close of the market each day during the 90-day period referred to in paragraph (1).

Defendants offer no evidence or expert testimony – nor could they – regarding how the Company's stock would have traded following July 7, 2003.  Absent an expert opinion evidencing how the stock market and Accredo's sector in general has moved since July 7, 2003 and whether or not Accredo's stock has tracked those movements, Defendants' reference to Accredo's stock price following the 90-day statutory "look back" period is devoid of probative value and much more likely to confuse and mislead, rather than help, the jury.  *See* Fed. R. Evid. 403.

Moreover, there is no factual foundation for the argument that Accredo's stock price after July 7, 2003 indicates in any respect that Defendants did (or did not) violate the federal securities laws.  Without such a foundation, Accredo's stock price and arguments based on it are irrelevant and highly prejudicial – suggesting to the jury, without any evidentiary foundation, that Accredo's stock price movements long after the Class Period and statutorily delineated "look back" period should somehow permit Defendants to escape liability.

Accordingly, Lead Plaintiffs respectfully request that the Court enter an order precluding Defendants from offering evidence of the price or movement of Accredo securities after July 7, 2003, the last day of the statutory 90-day "look back" period set forth in 15 U.S.C. 78u-4(e).

DATED:  September 8, 2008        Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
TOR GRONBORG
JONAH H. GOLDSTEIN
DAVID W. MITCHELL
TRIG R. SMITH
NATHAN W. BEAR


s/ TOR GRONBORG
TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

BERNSTEIN LITOWITZ BERGER &
   GROSSMANN LLP
BLAIR A. NICHOLAS
TIMOTHY A. DELANGE
BRETT M. MIDDLETON
MATTHEW P. JUBENVILLE
12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:  858/793-0070
858/793-0323 (fax)

Co-Lead Counsel for Plaintiffs

GLASSMAN, EDWARDS, WADE
   & WYATT, P.C.
B.J. WADE, #5182
26 N. Second Street Building
Memphis, TN  38103
Telephone:  901/527-4673
901/521-0940 (fax)

Liaison Counsel

C:\Program Files\DocsCorp\pdfDocs PDF\users\MicheleH\Import\brf00053896 mil13.doc

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 8, 2008.

s/ TOR GRONBORG
TOR GRONBORG

COUGHLIN STOIA GELLER
         RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail: torg@csgrr.com

# Mailing Information for a Case 2:03-cv-02216-BBD-gbc

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George E. Barrett**
  gbarrett@barrettjohnston.com

- **Nathan W. Bear**
  NBear@csgrr.com,stremblay@csgrr.com

- **Saul C. Belz**
  sbelz@glankler.com,apospisil@glankler.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Linda F Burnsed**
  lburnsed@cbslawyers.net

- **Karen M. Campbell**
  kcampbell@appersoncrump.com

- **F. Guthrie Castle , Jr**
  fgc@castle-law.com

- **Stanley M. Chernau**
  s.chernau@chernau.com

- **Timothy A. DeLange**
  timothyd@blbglaw.com,brettm@blbglaw.com,samj@blbglaw.com,kristinas@blbglaw.com,matthe

- **Amy Ferguson Dudek**
  adudek@glankler.com,apospisil@glankler.com

- **Jef Feibelman**
  jfeibelman@bpjlaw.com,cbiscoe@bpjlaw.com

- **Tor Gronborg**
  torg@csgrr.com,e_file_sd@csgrr.com

- **Douglas F. Halijan**
  dhalijan@bpjlaw.com,mmarshall@bpjlaw.com

- **Dixie W. Ishee**
  woodcarltonishee@bellsouth.net

- **Matthew P. Jubenville**
  matthewj@blbglaw.com

- **Emily C. Komlossy**
  ekomlossy@faruqilaw.com

- **Quitman Robins Ledyard , II**
  bledyard@borodandkramer.com

- **Brett M. Middleton**
  brettm@blbglaw.com

- **Timothy L. Miles**
  tmiles@barrettjohnston.com

- **David W. Mitchell**
  davidm@csgrr.com

- **Blair N. Nicholas**
  blairn@blbglaw.com

- **Russell F.A. Riviere**
  russellr@blbglaw.com

- **Kevin Hunter Sharp**
  ksharp@dsattorneys.com

- **Scott N. Sherman**
  scott.sherman@alston.com

- **Gary K. Smith**
  gsmith@appersoncrump.com,clunsford@appersoncrump.com,kcampbell@appersoncrump.com

- **Trig R. Smith**
  trigs@csgrr.com

- **Mark D. Trainer**
  mark.trainer@alston.com

- **B. J. Wade**
  bwade@gewwlaw.com

- **Allison Wannamaker**
  wannamakera@thomasonlaw.com

- **Kelly C. Wilcove**
  kelly.wilcove@alston.com,valerie.nouman@alston.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ramzi Abadou**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Guri Ademi**
ADEMI & O'REILLY, LLP
3620 East Layton Ave.
Cudahy, WI 53110

**Shpetim Ademi**
ADEMI & O'REILLY, LLP
3620 East Layton Ave.
Cudahy, WI 53110

**Lauren S. Antonino**
CHITWOOD & HARLEY
1230 Peachtree St., N.E.
2900 Promenade II
Atlanta, GA 30309

**Peter Q. Bassett**
ALSTON & BIRD
1201 West Peachtree St.
Atlanta, GA 30309-3424

**Javier Bleichmar**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Martin D. Chitwood**
CHITWOOD HARLEY & HARNES LLP
1230 Peachtree St., N.E.
2900 Promenade II
Atlanta, GA 30309

**Patricia A. Connell**
ERNST & YOUNG
5 Times Square
New York, NY 10036-6530

**Gregory M. Egleston**
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

**Nadeem Faruqi**
FARUQI & FARUQI, LLP
369 Lexington Avenue
10th Floor
New York, NY 10017

**Mark C. Gardy**
ABBEY GARDY, LLP
212 East 39th St.
New York, NY 10016

**Carol V. Gilden**
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr.
Ste. 1800
Chicago, IL 60606-1615

**Karen M. Hanson**
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

**Ronald B. Hauben**
ERNST & YOUNG
5 Times Square
New York, NY 10036-6530

**Marc S. Henzel**
LAW OFFICES OF MARC S. HENZEL
273 Montgomery Ave.
Ste. 202
Bala Cynwyd, PA 19004

**Fred Taylor Isquith**                                    **, Esq**
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

**Douglas S. Johnston**
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201-1601

**Nancy Kaboolian**
ABBEY GARDY, LLP
212 East 39th St.
New York, NY 10016

**William S. Lerach**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Mel E. Lifshitz**
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

**Richard A. Lockridge**
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

**Douglas M McKeige**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Eitan Misulovin**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Michael E. Moskovitz**
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr.
Ste. 1800
Chicago, IL 60606-1615

**Gregory M. Nespole**                                        **, Esq**
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

**Darren J Robbins**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 W. Broadway
Ste. 1900
San Diego, CA 92101

**Robert M. Roseman**
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market St.
Ste. 2500
Philadelphia, PA 19103

**David A. Rosenfeld**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
200 Broadhollow Rd.
Ste. 406
Melville, NY 11747

**Samuel H. Rudman**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
200 Broadhollow Rd.
Ste. 406
Melville, NY 11747

**Mark Solomon**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Marc A. Topaz**
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087