UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | | |
|---|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 03-2216-BBD <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) ) ) ) | LEAD PLAINTIFFS' MOTION *IN LIMINE* NO. 10 EXCLUDING EVIDENCE REGARDING DISMISSAL OF LEAD PLAINTIFFS' CLAIMS AGAINST ERNST & YOUNG |

Lead Plaintiffs, Louisiana School Employees' Retirement System ("LSERS") and Debra Swiman ("Lead Plaintiffs") and the Class of investors who purchased Accredo stock between June 16, 2002 and April 7, 2003, respectfully move the Court for an order excluding any evidence, argument or reference relating to the dismissal of Lead Plaintiffs' claims against Ernst & Young LLP ("E&Y"). The basis for the motion is that evidence, argument and reference to a separate action is inadmissible as it is not relevant to this action in accordance with Federal Rule of Evidence 401. *See* Fed. R. Evid. 402.

On April 13, 2006, Lead Plaintiffs filed a separate securities class action complaint on behalf of a class of Accredo investors against E&Y, captioned *Louisiana School Employees' Retirement System and Debra Swiman, et al., v. Ernst & Young LLP*, Civ. No. 06-2214 (JDB) (hereinafter "*LSERS v. E&Y*"). The *LSERS v. E&Y* action was assigned to the Honorable Samuel H. Mays, Jr. On August 14, 2008, Judge Mays issued an Order granting E&Y's motion to dismiss with prejudice.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. To be relevant, evidence need have some bearing on the probability of 'the existence of any fact that is of consequence to the determination of the action.'" *Black v. Ryder/P.I.E. Nationwide*, 15 F.3d 573, 587 (6th Cir. 1994) (quoting Fed. R. Evid. 401). Here, there can be little debate that the dismissal of Lead Plaintiffs' claims against E&Y is not itself relevant to the merits of Lead Plaintiffs' claims to be tried in this action against Defendants. Accordingly, reference to the dismissal of Lead Plaintiffs' claims against E&Y should be prohibited.

Even if the claims against E&Y were somehow relevant to Lead Plaintiffs' claims against defendants here, reference to them should nevertheless be excluded because the probative value of such reference would be substantially outweighed by the danger of confusion of the issues or misleading the jury.  *See* Fed. R. Evid. 403.  This case deals exclusively with defendants' liability under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934.  Any evidence or mention of Lead Plaintiffs' dismissed claims against E&Y for its alleged liability under the federal securities laws would clearly confuse the issues and/or be misleading to the jury.  Indeed, if presented with the dismissal, a jury may believe that this somehow applied to defendants' liability or exonerated defendants from their own liability, which is certainly not the case.

Indeed, courts have long recognized the potential for prejudice in permitting reference at trial to the fact that a party's claims have been dismissed or withdrawn.  *See, e.g. Johnson v. UPS, Inc.*, No. 1:00-CV-310, 2006 U.S. Dist. LEXIS 16584, at *5-*6 (E.D. Tenn. 2006) (precluding evidence regarding the fact plaintiffs' claims, as well as the claims of some other former plaintiffs, were dismissed by the Court during the first trial); *Koch v. Koch Indis., Inc.*, 2 F. Supp. 2d 1385, 1409 (D. Kan. 1998) (granting motion *in limine* to preclude references or evidence concerning dismissal or withdrawal of claims); *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781, at *15 (D. Minn. 2003) (prohibiting reference to dismissed claims); *Tinius v. Carroll County Sheriff Dept.*, No. C03-3001-MWB, 2004 WL 3103962, at *2 (N.D. Iowa 2004) (precluding defendants from discussing or making any reference to the fact that parties have been dismissed from the case).

Lead Plaintiffs' request is narrowly tailored to avoid the exclusion of facts that might have some bearing on the claims to be tried against the defendants in this action.  *See Raymond v. U.S.A. Healthcare Center-Fort Dodge, L.L.C.*, No. C 05-3074-MWB, 2007 WL 1455858, at

\*3 (N.D. Iowa 2007) (granting motion *in limine* and observing that the plaintiff "seeks to exclude only *references to her dismissed claims* and *references to the claims* that she filed with the Iowa Civil Rights Commission. She does not seek to exclude evidence of any *facts* relating to the circumstances surrounding her discharge.") (emphasis in original).  In other words, Lead Plaintiffs are not requesting that references to E&Y's involvement in the facts of this case be excluded.  They are merely requesting that any reference to the Court's dismissal of the separate *LSERS v. E&Y* action be excluded.

Accordingly, Lead Plaintiffs respectfully request the Court enter an order excluding any evidence, argument or reference relating to the dismissal in *Louisiana School Employees' Retirement System and Debra Swiman, et al., v. Ernst & Young LLP*, Civ. No. 06-2214 (JDB).

Dated: September 8, 2008                                        Respectfully submitted,

                                                                BERNSTEIN LITOWITZ BERGER
                                                                   & GROSSMANN LLP


                                                                    *s/ Timothy A. DeLange*
                                                                   TIMOTHY A. DeLANGE

                                                                BLAIR A. NICHOLAS
                                                                TIMOTHY A. DeLANGE
                                                                BRETT M. MIDDLETON
                                                                MATTHEW P. JUBENVILLE
                                                                12481 High Bluff Drive, Suite 300
                                                                San Diego, CA 92130
                                                                Tel:    (858) 793-0070
                                                                Fax:   (858) 793-0323

                                                                COUGHLIN STOIA GELLER
                                                                   RUDMAN & ROBBINS LLP
                                                                TOR GRONBORG
                                                                JONAH H. GOLDSTEIN
                                                                DAVID W. MITCHELL
                                                                TRIG SMITH
                                                                NATHAN W. BEAR
                                                                655 West Broadway, Suite 1900

3

4

San Diego, CA 92101
Tel:  (619) 231-1058
Fax:  (619) 231-7423

*Co-Lead Counsel for Plaintiffs Louisiana School Employees' Retirement System and Debra Swiman*

GLASSMAN EDWARDS WADE
    & WYATT, P.C.
B.J. WADE
26 N. Second Street
Memphis, TN 38103
Tel:  (901) 527-4673
Fax:  (901) 521-0904

*Liaison Counsel*

4