UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | | |
|---|---|---|
| In re ACCREDO HEALTH, INC.<br>SECURITIES LITIGATION | ) <br> ) <br> ) | Civil Action No. 03-2216-BBD <br><br> CLASS ACTION |
| This Document Relates To: | ) <br> ) | |
| ALL ACTIONS. | ) <br> ) <br> ) <br> ) | LEAD PLAINTIFFS' MOTION IN LIMINE<br>#23 TO PRECLUDE REFERENCE TO OR<br>TESTIMONY RELATING IN ANY WAY<br>TO THE LACK OF ANY ENFORCEMENT<br>ACTION BY THE SECURITIES AND<br>EXCHANGE COMMISSION, THE<br>NATIONAL ASSOCIATION OF<br>SECURITIES' DEALERS, THE<br>PHILADELPHIA STOCK EXCHANGE<br>AND/OR OTHER REGULATORS |

Lead Plaintiffs, Louisiana School Employees' Retirement System and Debra Swiman (together, "Lead Plaintiffs") respectfully move the Court for an order precluding Defendants from referring to, interrogating any witness concerning, commenting on, referencing, or introducing in any way evidence relating in any way to the lack of any enforcement action by the Securities and Exchange Commission (the "SEC"), the National Association of Securities' Dealers (the "NASD"), the Philadelphia Stock Exchange (the "PHLX")  and/or other regulators, because statutory law forbids such evidence as a defense to securities fraud. Thus, such evidence is irrelevant under Fed. R. Evid. 401 and inadmissible under Fed. R. Evid. 402.  Likewise, the minimal probative value of such evidence is overwhelmingly outweighed by the risks of unfair prejudice, confusion and its introduction would constitute an unnecessary waste of time, thus is it equally inadmissible under Fed. R. Evid. 403

The Securities and Exchange Act of 1934 (and a similar provision of the Securities Act of 1933) provides that the SEC's declination or failure to act may not be used as a defense by a company to imply that the SEC has approved of its accounting practices.  Section 26 of the Securities Exchange Act of 1934, 15 U.S.C. §78z provides:

> ***No action or failure to act by the Commission or the Board of Governors of the Federal Reserve System, in the administration of this title shall be construed to mean that the particular authority has in any way passed upon the merits of, or given approval to, any security or any transaction*** or transactions therein, nor shall such action or failure to act with regard to any statement or report filed with or examined by such authority pursuant to this title or rules and regulations thereunder, be deemed a finding by such authority that such statement or report is true and accurate on its face or that it is not false or misleading.[1]

SEC decisions not to take action may simply reflect agency decisions about the most efficient allocation of its limited resources rather than approval of company practices.  In *Board of Trade*, 883 F.2d 525 (7th Cir. 1989), the Court held:

---

[1]     All emphasis added, unless otherwise noted.

> Doing nothing may be the most constructive use of the Commission's resources.  Congress gives the SEC a budget, setting a cap on its personnel.  With limited numbers of staff-years, the Commission must enforce several complex statutes.  To do this intelligently the Commissioners must assign priorities. . . .  Agencies may find it worthwhile to give short shrift to a particular claim *if the aggrieved party can file its own suit . . , for turning the subject over to private litigation frees up time without necessarily diminishing the enforcement of the statute*.

*Id*. at 531.  *See also Moog Indus., Inc. v. FTC*, 355 U.S. 411, 413 (1958) (agency alone has the power to allocate its resources "in such a way as to execute its policy efficiently and economically"); *Berner v. Lazzaro*, 730 F.2d 1319, 1322 (9th Cir. 1984), *aff'd*, *Bateman Eichler, Hill, Richards, Inc. v. Berner*, 472 U.S. 299 (1985) (SEC can prosecute "only the most flagrant abuses"); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, ___ U.S. ___, 127 S.Ct. 2499, 2504 (2007) (private actions are a necessary supplement to SEC enforcement of the securities laws).

Accordingly, SEC inaction against Defendants in this case does not demonstrate any finding or conclusion by the SEC and cannot be used by the Defendants to imply that the SEC "approved" of any of Defendants' actions or statements.  A juror who is not trained in the law or experienced in these matters easily could mistake the SEC's inaction as a finding that Defendants did nothing wrong.  To protect the trial from this highly prejudicial and wrong impression, the Court should preclude Defendants from so arguing.  *See* Fed. R. Evid. 403.  In addition, should evidence of any regulatory inaction reach the jury, the Court should instruct the jury that the SEC's inaction must in no way be construed as indicating that Defendants have been exonerated and that SEC inaction is irrelevant to any issue in this case.  *See* Fed. R. Evid. 401, 402; *see also SEC v. Keating*, No. CV 91-6785 (SVW), 1992 U.S. Dist. LEXIS 14630, at *14 (C.D. Cal. July 24, 1992) (imposing Fed. R. Civ. P. 11 sanctions because assertion of affirmative defense of ratification, based on SEC's supposed approval of documents filed with SEC, was "patently frivolous," citing 15 U.S.C. §78z).

The same logic applies to the investigations by other regulatory agencies. In this case, both the Market Regulation Department of the NASD and the Market Surveillance Department of the

PHLX initiated reviews of trading activity in Accredo securities during the Class Period.  These investigations did not concern securities fraud or fraudulent accounting.  Moreover, the fact that neither regulatory agency actively pursued the investigations in irrelevant to the claims and defenses in this case.  Neither regulatory agency investigated the central issue in this case – whether Defendants violated the federal securities laws – thus the suggestion that these investigations somehow cleared or exonerated Defendants is irrelevant and therefore inadmissible. *See* Fed. R. Evid. 401, 402.  Likewise, the minimal probative value of such evidence is overwhelmingly outweighed by the risks of unfair prejudice, confusion of the issues for the jury and its introduction would constitute an unnecessary waste of time.  Thus, evidence that these investigations somehow cleared or exonerated Defendants is equally inadmissible under Fed. R. Evid. 403.

Accordingly, Lead Plaintiffs respectfully request that the Court enter an Order instructing Defendants not to refer to, interrogate any witness concerning, comment on, reference, or introduce in any way evidence relating in any way to the lack of any enforcement action by the Securities and Exchange Commission, the National Association of Securities' Dealers, the Philadelphia Stock Exchange and/or other regulators.

DATED:  September 8, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
TOR GRONBORG
JONAH H. GOLDSTEIN
DAVID W. MITCHELL
TRIG R. SMITH
NATHAN W. BEAR


                              s/ TOR GRONBORG
                              TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

- 3 -

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
BLAIR A. NICHOLAS
TIMOTHY A. DELANGE
BRETT M. MIDDLETON
MATTHEW P. JUBENVILLE
12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:  858/793-0070
858/793-0323 (fax)

Co-Lead Counsel for Plaintiffs

GLASSMAN, EDWARDS, WADE
  & WYATT, P.C.
B.J. WADE, #5182
26 N. Second Street Building
Memphis, TN  38103
Telephone:  901/527-4673
901/521-0940 (fax)

Liaison Counsel

C:\Program Files\DocsCorp\pdfDocs PDF\users\MicheleH\Import\MIL00053912.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 8, 2008.

s/ TOR GRONBORG
TOR GRONBORG

COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail: torg@csgrr.com

# Mailing Information for a Case 2:03-cv-02216-BBD-gbc

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George E. Barrett**
  gbarrett@barrettjohnston.com

- **Nathan W. Bear**
  NBear@csgrr.com,stremblay@csgrr.com

- **Saul C. Belz**
  sbelz@glankler.com,apospisil@glankler.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Linda F Burnsed**
  lburnsed@cbslawyers.net

- **Karen M. Campbell**
  kcampbell@appersoncrump.com

- **F. Guthrie Castle , Jr**
  fgc@castle-law.com

- **Stanley M. Chernau**
  s.chernau@chernau.com

- **Timothy A. DeLange**
  timothyd@blbglaw.com,brettm@blbglaw.com,samj@blbglaw.com,kristinas@blbglaw.com,matthe

- **Amy Ferguson Dudek**
  adudek@glankler.com,apospisil@glankler.com

- **Jef Feibelman**
  jfeibelman@bpjlaw.com,cbiscoe@bpjlaw.com

- **Tor Gronborg**
  torg@csgrr.com,e_file_sd@csgrr.com

- **Douglas F. Halijan**
  dhalijan@bpjlaw.com,mmarshall@bpjlaw.com

- **Dixie W. Ishee**
  woodcarltonishee@bellsouth.net

- **Matthew P. Jubenville**
  matthewj@blbglaw.com

- **Emily C. Komlossy**
  ekomlossy@faruqilaw.com

- **Quitman Robins Ledyard , II**
  bledyard@borodandkramer.com

- **Brett M. Middleton**
  brettm@blbglaw.com

- **Timothy L. Miles**
  tmiles@barrettjohnston.com

- **David W. Mitchell**
  davidm@csgrr.com

- **Blair N. Nicholas**
  blairn@blbglaw.com

- **Russell F.A. Riviere**
  russellr@blbglaw.com

- **Kevin Hunter Sharp**
  ksharp@dsattorneys.com

- **Scott N. Sherman**
  scott.sherman@alston.com

- **Gary K. Smith**
  gsmith@appersoncrump.com,clunsford@appersoncrump.com,kcampbell@appersoncrump.com

- **Trig R. Smith**
  trigs@csgrr.com

- **Mark D. Trainer**
  mark.trainer@alston.com

- **B. J. Wade**
  bwade@gewwlaw.com

- **Allison Wannamaker**
  wannamakera@thomasonlaw.com

- **Kelly C. Wilcove**
  kelly.wilcove@alston.com,valerie.nouman@alston.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ramzi Abadou**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Guri Ademi**
ADEMI & O'REILLY, LLP
3620 East Layton Ave.
Cudahy, WI 53110

**Shpetim Ademi**
ADEMI & O'REILLY, LLP
3620 East Layton Ave.
Cudahy, WI 53110

**Lauren S. Antonino**
CHITWOOD & HARLEY
1230 Peachtree St., N.E.
2900 Promenade II
Atlanta, GA 30309

**Peter Q. Bassett**
ALSTON & BIRD
1201 West Peachtree St.
Atlanta, GA 30309-3424

**Javier Bleichmar**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Martin D. Chitwood**
CHITWOOD HARLEY & HARNES LLP
1230 Peachtree St., N.E.
2900 Promenade II
Atlanta, GA 30309

**Patricia A. Connell**
ERNST & YOUNG
5 Times Square
New York, NY 10036-6530

**Gregory M. Egleston**
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

**Nadeem Faruqi**
FARUQI & FARUQI, LLP
369 Lexington Avenue
10th Floor
New York, NY 10017

**Mark C. Gardy**
ABBEY GARDY, LLP
212 East 39th St.
New York, NY 10016

**Carol V. Gilden**
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr.
Ste. 1800
Chicago, IL 60606-1615

**Karen M. Hanson**
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

**Ronald B. Hauben**
ERNST & YOUNG
5 Times Square
New York, NY 10036-6530

**Marc S. Henzel**
LAW OFFICES OF MARC S. HENZEL
273 Montgomery Ave.
Ste. 202
Bala Cynwyd, PA 19004

**Fred Taylor Isquith**                            , Esq
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

**Douglas S. Johnston**
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201-1601

**Nancy Kaboolian**
ABBEY GARDY, LLP
212 East 39th St.
New York, NY 10016

**William S. Lerach**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Mel E. Lifshitz**
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

**Richard A. Lockridge**
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

**Douglas M McKeige**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Eitan Misulovin**
BERNSTEIN LITOWITZ BERGER & GROSSMAN
1285 Ave of the Americas
38th Floor
New York, NY 10019

**Michael E. Moskovitz**
MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr.
Ste. 1800
Chicago, IL 60606-1615

**Gregory M. Nespole**                                               , Esq
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

**Darren J Robbins**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 W. Broadway
Ste. 1900
San Diego, CA 92101

**Robert M. Roseman**
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market St.
Ste. 2500
Philadelphia, PA 19103

**David A. Rosenfeld**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
200 Broadhollow Rd.
Ste. 406
Melville, NY 11747

**Samuel H. Rudman**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
200 Broadhollow Rd.
Ste. 406
Melville, NY 11747

**Mark Solomon**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Marc A. Topaz**
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087