UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION | ) Civil Action No. 03-2216-BBD ) ) HEARING REQUESTED |
| This Document Relates To: | ) ) CLASS ACTION |
| ALL ACTIONS. | ) ) LEAD PLAINTIFFS' MEMORANDUM OF ) LAW IN SUPPORT OF UNOPPOSED ) MOTION FOR PRELIMINARY APPROVAL ) OF CLASS ACTION SETTLEMENT |

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................................1

II.    HISTORY OF THE LITIGATION ...........................................................................2

III.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............3

IV.    THE PROPOSED NOTICE PROGRAM IS APPROPRIATE ...........................................6

V.     SCHEDULE OF EVENTS ..........................................................................................7

VI.    CONCLUSION.............................................................................................................8

## I.    INTRODUCTION

Lead Plaintiffs submit this unopposed motion for preliminary approval of the proposed settlement of this Litigation on the terms set forth in the Stipulation of Settlement dated as of October 8, 2008 ("Stipulation" or "Settlement")[1] which is being filed concurrently herewith.[2]  The Settlement provides for the payment of $33,000,000 in cash.[3]  The Settlement is the result of hard fought arm's-length negotiations between the parties with the substantial assistance of the Honorable Edward A. Infante (Ret.), a highly respected retired Magistrate Judge with extensive experience in mediating complex cases.   The Settlement would resolve Lead Plaintiffs' claims against all Defendants.

The parties now ask this Court to enter an order: (a) granting preliminary approval of the proposed settlement; (b) approving the parties' proposed form and method for giving notice of the Settlement to the Class; (c) directing that the notice be given to Class Members as approved by the Court; and (d) scheduling a hearing at which the Court considers: (i) the parties' request for final approval of the Settlement and entry of the proposed Final Judgment and Order of Dismissal with

---

[1]     All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stipulation.

[2]     Lead Counsel have conferred with counsel for Defendants and Defendants do not oppose this motion.

[3]     The Settlement is on behalf of the Class defined as: all Persons who acquired Accredo Health, Inc. common stock on the open market between June 16, 2002 and April 7, 2003.  Excluded from the Class are Defendants, members of the families of individual defendants, any parent, subsidiary, affiliate, partner, officer, executive or director of any Defendant, any entity in which any such excluded party has a controlling interest and the legal representatives, affiliates, heirs, successors, or assigns of any such excluded Person.  Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the Notice of Pendency of Class Action dated July 18, 2008 (and do not retract their request) and those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Proposed Settlement of Class Action.

Prejudice; (ii) the Plan of Allocation of settlement proceeds; and (iii) Lead Counsel's application for an award of attorneys' fees and expenses.

## II.    HISTORY OF THE LITIGATION

During and after April 2003, several securities class actions were filed in the United States District Court for the Western District of Tennessee, Western Division (the "Court") on behalf of a class of purchasers of the securities of Accredo Health, Inc. ("Accredo").  On June 19, 2003, the Court entered an order consolidating all of these cases under the caption entitled *In re Accredo Health, Inc. Securities Litigation*, Civil Action No. 03-2216-BBD (the "Litigation").  On June 23, 2004, the Court and appointed Louisiana School Employees' Retirement System ("LSERS") and Debra Swiman ("Swiman") as Lead Plaintiffs pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and approved their selection of Lead Counsel, pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

On September 15, 2004, Lead Plaintiffs filed their Consolidated Complaint for Violation of the Federal Securities Laws alleging violations of §§10(b) and 20(a) of the Exchange Act against each of the Defendants.  In November 2004, Defendants moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").  On April 11, 2005, United States District Court Judge Bernice B. Donald denied Defendants' motion to dismiss in its entirety.

On July 22, 2005, Lead Plaintiffs moved to certify the class of "all persons and entities who acquired Accredo Health, Inc. securities on the open market between June 16, 2002 and April 7, 2003," and to appoint LSERS and Swiman as class representatives pursuant to Federal Rule of Civil Procedure 23.  On March 7, 2006, following extensive briefing and oral argument, Magistrate Judge Tu M. Pham issued a Report and Recommendation finding that LSERS and Swiman were qualified

class representatives and concluding that class certification should be granted. In April 2006, Judge Donald adopted Judge Pham's Report and Recommendation in its entirety.

Fact discovery commenced immediately following the order denying the motion to dismiss, and ended in late 2007. The parties have also completed expert discovery. At the time of settlement, the parties had completed briefing of summary judgment motions and those motions remain pending.

## III. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving disputes. This is especially true in complex class actions such as this. *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981).

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the compromise of claims brought on a class basis. At the final approval hearing, the Court will have before it extensive papers submitted in support of the proposed settlement and will be asked to make a determination as to whether the Settlement is fair, reasonable and adequate, under all of the circumstances. At this juncture, however, the parties request only that the Court grant preliminary approval of the Settlement.

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed settlement is within the range of what might be found fair, reasonable and adequate, so that notice of the proposed settlement should be given to Class Members and a hearing scheduled to consider final settlement approval. *See Manual for Complex Litigation* §13.14, at 173 (4th ed. 2004) ("First, the [court] reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.").

The parties are now requesting the Court to take the first step in this process and grant preliminary approval of the proposed settlement. The proposed settlement clearly satisfies the

standard for approval.  Lead Counsel believe the Settlement provides an immediate and substantial cash benefit of $33,000,000 for the benefit of the Class.  Given the complexities of this Litigation and the substantial risks of continued litigation, Lead Counsel believe the Settlement represents a very good resolution of this Litigation and eliminates the risk that the Class might not otherwise recover if litigation were to continue.

Moreover, reference to factors considered by courts in granting final approval of class action settlements lend support to the proposition that the Settlement is well within the range of possible approval.  First, the terms of the proposed settlement are the product of hard fought arm's-length negotiations between the parties with the substantial assistance of Judge Infante.  During these negotiations, Lead Counsel zealously advanced Lead Plaintiffs' position and were fully prepared to continue to litigate rather than accept a settlement that was not in the best interest of the Class.  Similarly, Defendants, through their counsel, zealously advanced their position that the claims in the Litigation were subject to dismissal, that Lead Plaintiffs would have insurmountable proof problems on liability and damages, and that Defendants likewise were fully prepared to continue to litigate rather than settle the Litigation for an unreasonably high amount.  Lead Plaintiffs, through their counsel, having carefully considered and evaluated, *inter alia*, the relevant legal authorities, the evidence obtained to support the claims asserted against Defendants, the likelihood of prevailing on these claims, the risk, expense and duration of continued litigation and the likely appeals and subsequent proceedings necessary if Lead Plaintiffs did prevail against Defendants at trial, have concluded that the Settlement is clearly fair, reasonable and adequate and in the best interest of the Class.

Lead Counsel have significant experience in securities and other complex class action litigation and have negotiated numerous other substantial class action settlements throughout the country.  It is well established that significant weight should be attributed to the belief of

experienced counsel that settlement is in the best interest of the class.  *See Williams v. Vukovich*, 720

F.2d 909, 922-23 (6th Cir. 1983).  This is especially true where, as here, the stage of the proceedings

indicate that counsel and the court are fully capable of evaluating the merits of plaintiffs' case and

the probable course of future litigation.  *See Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 502

(E.D. Mich. 2000).  Here, at the time of settlement, the parties had completed fact and expert

discovery and had fully briefed summary judgment motions.  There is no question that the

proceedings reached a stage where Lead Counsel could make an intelligent evaluation of the

strengths and weaknesses of the Class's claims and the propriety of settlement.  *Id.* (the stage of the

proceedings and the extent of discovery is a factor which is considered in determining the fairness of

a settlement).

Although Lead Plaintiffs believe that their claims have substantial merit, Lead Counsel

recognize the significant risks and expense necessary to prosecute Lead Plaintiffs' claims against

Defendants through the pending summary judgment motions, trial and subsequent appeals, as well as

the inherent difficulties and delays complex litigation like this entails.  Moreover, Lead Counsel are

mindful of the many problems of proof under and possible defenses to the securities law violations

alleged.  Even if Lead Plaintiffs were successful at trial, there is no guarantee that the judgment

would ultimately be sustained on appeal or by the trial court.  For example, recently in *In re Apollo

Group, Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2008 U.S. Dist. LEXIS 61995 (D. Ariz. Aug. 4,

2008) the court on a motion for judgment as a matter of law, overturned a jury verdict of $277

million in favor of shareholders based on insufficient evidence presented at trial to establish loss

causation.  The proposed settlement provides a very good recovery for the Class while eliminating

the risk, expense and uncertainty of continued litigation.  An evaluation of the benefits of settlement

must be tempered by a recognition that any compromise involves concessions on the part of all of

the settling parties.  Indeed, "the very essence of a settlement is compromise, 'a yielding of absolutes

and an abandoning of highest hopes.'" *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982) (citation omitted).  As the Fifth Circuit noted in *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977):

> The trial court should not make a proponent of a proposed settlement "justify each term of settlement against a hypothetical or speculative measure of what concessions might have been gained . . . ."

*Id*. at 1330 (citation omitted).

While Lead Plaintiffs believe the Settlement merits final approval, the Court need not make that determination at this time.  The Court is being asked to permit notice of the terms of the Settlement to be sent to the Class and schedule a hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider any expressed views by Class Members of the fairness of the Settlement, the Plan of Allocation, and plaintiffs' counsel's request for an award of fees and expenses.  5 James Wm. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 2002).

## IV.    THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

The proposed preliminary approval order will require the Claims Administrator to notify Class Members of the Settlement by mailing a copy of the Notice of Proposed Settlement of Class Action ("Notice") by first class mail to all Class Members who can be identified with reasonable effort.  In addition, the Summary Notice will be published in the national edition of *Investor's Business Daily* and once in *The Commercial Appeal*.  The proposed method of giving notice is appropriate because it is calculated to reach the members of the Class who can be identified with reasonable effort.  *See Williams*, 720 F.2d at 921.

The Notice advises Class Members of the essential terms of the Settlement, sets forth the procedure and deadline for submitting objections and requests for exclusion to the Settlement, and provides specifics on the date, time and place of the final approval hearing.  The Notice also contains information regarding Lead Plaintiffs' counsel's fee and expense application and the proposed plan

for allocating the settlement proceeds among Class Members. Thus, the Notice provides the necessary information for Class Members to make an informed decision regarding the proposed settlement. Lead Plaintiffs' counsel believe the Notice will fairly apprise Class Members of their rights with respect to the Settlement and therefore is the best notice practicable under the circumstances and should be approved by the Court.

## V.  SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a final approval hearing date, dates for mailing and publication of the Notice and Summary Notice and deadlines for objecting to the Settlement, opting out of the Class, and filing papers in support of the Settlement. The parties propose the following schedule:

| | |
|---|---|
| Notice mailed to Class | 10 days after the Order Preliminarily Approving Settlement and Providing for Notice is signed ("Notice Date") |
| Summary Notice published | 10 days from the Notice Date |
| Deadline for filing papers in support of the Settlement, Plan of Allocation of settlement proceeds and request for an award of attorneys' fees and expenses | 29 calendar days before the deadline for filing objections |
| Deadline for objecting to the Settlement, Plan of Allocation of settlement proceeds or attorneys' fees and expenses and for opting out of the Class | 45 days from the Notice Date |
| Reply papers in support of the Settlement, Plan of Allocation of settlement proceeds and request for an award of attorneys' fees and expenses | 7 days before the final approval hearing |
| Final Approval Hearing | At the Court's convenience at least 14 days after the date for Class Members to opt-out or object to the Settlement, Plan of Allocation of settlement proceeds or plaintiffs' counsel's request for fees and expenses |

## VI.   CONCLUSION

For the reasons set forth above, the proposed settlement warrants this Court's preliminary

approval.

DATED:  October 8, 2008                    Respectfully submitted,

                                           GLASSMAN, EDWARDS, WADE
                                              & WYATT, P.C.
                                           B.J. WADE, #5182
                                           26 N. Second Street Building
                                           Memphis, TN  38103
                                           Telephone:  901/527-4673
                                           901/521-0940 (fax)

                                           Liaison Counsel

                                           COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                           MARK SOLOMON
                                           TOR GRONBORG
                                           JONAH H. GOLDSTEIN
                                           JEFFREY D. LIGHT
                                           DAVID W. MITCHELL
                                           TRIG R. SMITH
                                           NATHAN W. BEAR


                                                    s/ Tor Gronborg
                                           _____
                                               TOR GRONBORG

                                           655 West Broadway, Suite 1900
                                           San Diego, CA  92101
                                           Telephone:  619/231-1058
                                           619/231-7423 (fax)

                                           BERNSTEIN LITOWITZ BERGER &
                                              GROSSMANN LLP
                                           BLAIR A. NICHOLAS
                                           TIMOTHY A. DELANGE
                                           BRETT M. MIDDLETON
                                           MATTHEW P. JUBENVILLE


                                           s/ Timothy A. DeLange (with permission)
                                           _____
                                               TIMOTHY A. DELANGE

12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:  858/793-0070
858/793-0323 (fax)

Co-Lead Counsel for Plaintiffs

S:\Settlement\Accredo.set\V1 BRF PRELIM APPROVAL 00054384.doc