UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | | |
|---|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION | ) ) ) | Civil Action No. 03-2216-BBD |
| | | CLASS ACTION |
| This Document Relates To: | ) ) | STIPULATION OF SETTLEMENT |
| ALL ACTIONS. | ) ) ) | |

This Stipulation of Settlement dated as of October 8, 2008 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiffs, Louisiana School Employees' Retirement System ("LSERS") and Debra Swiman ("Swiman") (on behalf of themselves and each of the Class Members), by and through their respective counsel of record in the Litigation; and (ii) Accredo Health, Inc. ("Accredo" or the "Company"), David D. Stevens and Joel R. Kimbrough (collectively, the "Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

During and after April 2003, several securities class actions were filed in the United States District Court for the Western District of Tennessee, Western Division (the "Court") on behalf of a class of purchasers of the securities of Accredo. On June 19, 2003, the Court entered an Order consolidating all of these cases under the caption entitled *In re Accredo Health, Inc. Securities Litigation*, Civil Action No. 03-2216-BBD (the "Litigation"). On June 23, 2004, the Court appointed LSERS and Swiman as Lead Plaintiffs pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and approved their selection of Lead Counsel, pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

On September 15, 2004, Lead Plaintiffs filed their Consolidated Complaint for Violation of the Federal Securities Laws (the "Complaint") alleging violations of §§10(b) and 20(a) of the Exchange Act against each of the Defendants. In November 2004, Defendants moved to dismiss all claims pursuant to Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). On April 11, 2005, United States District Court Judge Bernice B. Donald denied Defendants' motion to dismiss in its entirety.

- 1 -

On July 22, 2005, Lead Plaintiffs moved to certify the class of "all persons and entities who acquired Accredo Health, Inc. securities on the open market between June 16, 2002 and April 7, 2003," and to appoint LSERS and Swiman as class representatives pursuant to Fed. R. Civ. P. 23. On March 7, 2006, following extensive briefing and oral argument, Magistrate Judge Tu M. Pham issued a Report and Recommendation finding that LSERS and Swiman were qualified class representatives and concluding that class certification should be granted. In April 2006, Judge Donald adopted Judge Pham's Report and Recommendation in its entirety.

Fact discovery commenced immediately following the order denying the motion to dismiss, and ended in late 2007. The parties have also completed expert discovery. At the time of settlement, the parties had completed briefing of summary judgment motions and those motions remain pending.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation; continue to believe the claims asserted against them in the Complaint are without merit; and have agreed to enter into the settlement solely to avoid the expense, distraction, time, and uncertainty associated with continuing the Litigation.

Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. They also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation and have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

### III.   CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims.   However, Lead Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.   The Lead Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.   Lead Plaintiffs are also mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Litigation.   The Lead Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class.   Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class.

### IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and each of the respective Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

#### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1   "Accredo" means Accredo Health, Inc. and its parents, subsidiaries, divisions, affiliates, predecessors, and successors.

- 3 -

1.2     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.3     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4     "Class" means all Persons who acquired Accredo Health, Inc. common stock on the open market between June 16, 2002 and April 7, 2003. Excluded from the Class are Defendants, members of the families of individual defendants, any parent, subsidiary, affiliate, partner, officer, executive or director of any Defendant, any entity in which any such excluded party has a controlling interest and the legal representatives, affiliates, heirs, successors, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the Notice of Pendency of Class Action dated July 18, 2008 (and do not retract their request) and those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Proposed Settlement of Class Action.

1.5     "Class Member" or "Class Members" mean any Person who falls within the definition of the Class as set forth in ¶1.4 of the Stipulation.

1.6     "Defendants" means Accredo, David D. Stevens and Joel R. Kimbrough.

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.8     "Escrow Agent" means San Diego National Bank.

1.9     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days

- 4 -

following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the final determination of that motion or appeal (including any petition for writ of certiorari) in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of expenses or the Plan of Allocation of the Settlement Fund. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

      1.10    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

      1.11    "Lead Counsel" means Bernstein Litowitz Berger & Grossmann LLP and Coughlin Stoia Geller Rudman & Robbins LLP.

      1.12    "Lead Plaintiffs" means Louisiana School Employees' Retirement System and Debra Swiman.

      1.13    "Liaison Counsel" means Glassman, Edwards, Wade & Wyatt, P.C.

      1.14    "Notice Order" means the order described in ¶3.1 hereof.

      1.15    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.16    "Plaintiffs' Counsel" means any counsel who have appeared for any plaintiff in the Litigation.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Parties shall have no responsibility therefor or liability with respect thereto.

1.18    "Related Parties" means, with respect to each Defendant, the immediate family members, heirs, executors, administrators, successors, assigns, present and former employees, officers, directors, attorneys, assigns, legal representatives, accountants, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Defendant or in which any Defendant has or had a controlling interest and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them. Notwithstanding anything in this paragraph, Related Parties shall not include Ernst & Young, LLP.

1.19    "Released Claims" means all rights, demands, claims (including "Unknown Claims" as defined in ¶1.23) and causes of action of every nature and description, in law or equity, accrued or unaccrued, and whether known or unknown, and whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any member of the Class asserted, or could have asserted, arising out of, or relating to, directly or indirectly, the purchase or acquisition of Accredo publicly traded securities during the class period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions which were alleged or that could have been alleged in the Complaint. Notwithstanding anything in this paragraph, Released Claims shall not include any claims against

- 6 -

Ernst & Young, LLP, including, but not limited to, claims in *Louisiana School Employees'*
*Retirement System v. Ernst & Young LLP*, Case No. 06-02214-SHM pending in the United States
District Court for the Western District of Tennessee, Western Division.

    1.20    "Released Persons" means each and all of Defendants and each and all of their
Related Parties.

    1.21    "Settlement Fund" means the principal amount of Thirty-Three Million Dollars
($33,000,000.00) in cash, to be paid pursuant to ¶2.1 of this Stipulation, plus all interest earned
thereon.

    1.22    "Settling Parties" means, collectively, each of Defendants and the Lead Plaintiffs on
behalf of themselves and each of the Class Members.

    1.23    "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action
of every nature and description which any Lead Plaintiff or any Class Member do not know or
suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if
known by him, her or it, might have affected his, her or its settlement with and release of the
Released Persons, or might have affected his, her or its decision not to object to this settlement.
With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the
Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Class Members shall be
deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights
and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the release,
> which if known by him or her must have materially affected his or her
> settlement with the debtor.**

The Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have
waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights
and benefits conferred by any law of any state or territory of the United States, or principle of

common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Fund

2.1     The principal amount of $33,000,000.00 in cash shall be paid or caused to be paid by Defendants to the Escrow Agent on or before ten (10) business days after entry of the Notice Order. The $33,000,000.00 plus any accrued interest shall constitute the Settlement Fund. Any amounts not so paid will bear interest at the rate of 10% per annum until such monies are paid.

### b. The Escrow Agent

2.2     The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these

instruments as they mature in similar instruments at their then-current market rates.  The Settlement Fund shall bear all risks related to investment of the Settlement Fund.

    2.3      The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

    2.4      Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of the Stipulation.

    2.5      All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

    2.6      Within five (5) days after payment of the Settlement Fund to the Escrow Agent pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Notice and Administration Fund," and may deposit up to $200,000 from the Settlement Fund in it.  The Notice and Administration Fund may be used by the Escrow Agent without further consent of Defendants or order of the Court to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any.  The Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this Stipulation.

          c.      **Taxes**

    2.7      (a)      The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including, if necessary, the "relation-back election" (as defined in Treas.

Reg. §1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)     All: (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund.  In no event shall Defendants or their Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  The Settlement

- 10 -

Fund shall indemnify and hold each of Defendants and their Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without further consent of Defendants, or prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their Related Parties are responsible therefor nor shall they have any liability with respect thereto.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

(d)     For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund and shall also include any earnings thereon.

**d.     Termination of Settlement**

2.8     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses due and owing in connection with the settlement and Taxes and Tax Expenses incurred or due and owing in connection with the settlement provided for herein shall be refunded to the contributors as provided in ¶7.3 below.

**3.     Notice Order and Settlement Hearing**

3.1     As soon as practicable after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of the Notice

Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for mailing the Notice of Proposed Settlement of Class Action (the "Notice"), substantially in the form of Exhibit A-1 attached hereto and publication of a Summary Notice, substantially in the form of Exhibit A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation and the date of the Settlement Hearing.

3.2     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and finally approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

## 4.     Releases, Judgment Credit and Covenant Not to Sue

4.1     Upon the Effective Date, as defined in ¶1.7 hereof, the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

4.2     The Proof of Claim and Release form to be executed by Class Members shall release all Released Claims against the Released Persons.

4.3     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

- 12 -

4.4     The Lead Plaintiffs agree and covenant not to file or pursue any claim against Defendants between the date of this Stipulation and the Effective Date. The parties agree that, if the settlement does not become Final, the period of time between the date of this Stipulation and the Effective Date shall not be counted for purposes of any defense based on passage of time.

## 5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund

5.1     The Claims Administrator shall administer and calculate the claims submitted by Class Members.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)     to pay Plaintiffs' Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), and Lead Plaintiffs' expenses when, if and to the extent allowed by the Court; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the terms of this Stipulation.

5.4     Within ninety (90) days after such time as set by the Court to mail notice to the Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims

- 13 -

Administrator a completed Proof of Claim and Release form, substantially in a form approved by the Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release form and as are reasonably available to the Authorized Claimant.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who deposited the checks sent in the initial distribution in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to Memphis Area Legal Services, Inc.

5.7     This is not a claims-made settlement. Accordingly, once all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants or their insurers. Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Settlement

- 14 -

Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.8     No Person shall have any claim against Lead Plaintiffs, the Escrow Agent, Plaintiffs' Counsel, Defendants, the Claims Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, a Court-approved Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## 6.     Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of reasonable attorneys' fees from the Settlement Fund; plus (b) payment of expenses incurred in the Litigation, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid); and (c) reimbursement for the expenses of Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees in a manner in which they in good faith believe reflects the contributions of Plaintiffs' Counsel to the prosecution and settlement of the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon in an amount consistent with such reversal or modification. Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

- 16 -

6.4     Defendants and their Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Plaintiffs' Counsel over and above payment from the Settlement Fund.

6.5     Defendants and their Related Parties shall have no responsibility for or liability with respect to the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and Defendants and their respective Related Parties take no position with respect to such matters.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

        (a)     the contribution to the Settlement Fund, as required by ¶2.1 hereof;

        (b)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.6 hereof;

        (c)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

        (d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

        (e)     the Judgment has become Final, as defined in ¶1.9 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.3     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written

- 17 -

notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.6 hereof or are determined to be chargeable to the Notice and Administration Fund, including Taxes and Tax Expenses, shall be refunded by the Escrow Agent to Defendants and their insurers based upon the amounts initially contributed by each and the interest allocated to each contributor's initial contribution upon written instructions from Defendants' counsel. At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to Defendants and/or their insurers based upon the amounts initially contributed by each.

7.4     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of September 9, 2008. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.7-2.8, 6.2, 7.3-7.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any

- 18 -

amounts actually and properly disbursed from the Notice and Administration Fund. In addition, any expenses already incurred and properly chargeable to the Notice and Administration Fund pursuant to ¶2.6 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.3 hereof.

7.6     If prior to the Settlement Hearing, the aggregate number of shares of Accredo common stock purchased or acquired by Persons who would otherwise be members of the Class, but who request exclusion from that Class, exceeds the sum specified in a separate supplemental agreement between the Lead Plaintiffs and Defendants (the "Supplemental Agreement"), Defendants shall have, in their sole and absolute discretion (which must be unanimously exercised), the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless required by court rule or unless and until a dispute as between the Lead Plaintiffs and Defendants concerning its interpretation or application arises.

## 8.     No Admission of Wrongdoing

8.1     This Stipulation, whether or not consummated, and any negotiations, discussions or proceedings in connection herewith shall not be:

(a)     offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Class Members or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)     offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or

- 19 -

written document approved or made by any Defendant, or against the Lead Plaintiffs or any Class Member as evidence of any infirmity in the claims of the Lead Plaintiffs and the Class;

      (c)      offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

      (d)      construed against Defendants, Lead Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

      **9.**      **Miscellaneous Provisions**

      9.1      The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

      9.2      This Stipulation, the exhibits attached hereto and the Supplemental Agreement constitutes the entire agreement between the Settling Parties as to the subject matter hereof and supersedes any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.

      9.3      No modification or amendment of this Stipulation shall be valid unless made in writing and signed by or on behalf of each party hereto. No representations, warranties or inducements have been made to any party concerning the Stipulation, its exhibits or the

- 20 -

Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided for herein, each party shall bear his, her or its own costs.

9.4     The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.5     Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.6     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.7     All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

- 21 -

9.9     Lead Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.10    Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.11    The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

9.14    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

9.15    If a case is commenced with respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of the Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and

- 22 -

set aside the releases given and the Judgment entered in favor of such Defendant pursuant to this

Stipulation, which releases and the Judgment shall be null and void, and the parties so affected shall

be restored to their respective positions in the Litigation as of September 9, 2008, and any other cash

amounts in the Settlement Fund paid by or on behalf of such affected Defendant shall be returned as

provided herein.

   9.16 The Stipulation and the exhibits hereto shall be considered to have been negotiated,

executed and delivered, and to be wholly performed, in the State of Tennessee, and the rights and

obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

governed by, the internal, substantive laws of the State of Tennessee without giving effect to that

state's choice-of-law principles.

   IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

their duly authorized attorneys dated as of October 8, 2008.

           GLASSMAN, EDWARDS, WADE
            & WYATT, P.C.
           B.J. WADE, #5182
           26 N. Second Street Building
           Memphis, TN 38103
           Telephone: 901/527-4673
           901/521-0940 (fax)

           Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MARK SOLOMON
TOR GRONBORG
JONAH H. GOLDSTEIN
JEFFREY D. LIGHT
DAVID W. MITCHELL
TRIG R. SMITH
NATHAN W. BEAR


                    s/ Tor Gronborg
_____
                TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
BLAIR A. NICHOLAS
TIMOTHY A. DELANGE
BRETT M. MIDDLETON
MATTHEW P. JUBENVILLE

_____
           BLAIR A. NICHOLAS

12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: 858/793-0070
858/793-0323 (fax)

Co-Lead Counsel for Plaintiffs

- 24 -

ALSTON & BIRD, LLP
PETER Q. BASSETT
KELLY C. WILCOVE
SCOTT N. SHERMAN
MARK D. TRAINER


_____
PETER Q. BASSETT

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  404/881-7000
404/881-7777 (fax)

Counsel for Defendants

C:\Documents and Settings\noumv\Local Settings\Temporary Internet Files\OLK1B1C\V1 STP00054048 (2).doc