UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| In re ACCREDO HEALTH, INC. SECURITIES LITIGATION | Civil Action No. 03-CV-2216 - BBD <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | |

ORDER APPROVING
<u>DISTRIBUTION OF NET SETTLEMENT FUND</u>

Lead Plaintiffs Louisiana School Employees' Retirement System and Debra Swiman (hereinafter, "Lead Plaintiffs") moved this Court for an Order approving a distribution plan for the Net Settlement Fund, and the Court having considered all materials and argument submitted in support of the motion, including the Memorandum In Support Of Motion for Distribution of Settlement and the Affidavit Of Lara McDermott Of Gilardi & Co. LLC In Support Of Motion For Class Distribution Order (the "McDermott Affidavit") submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.	The administrative recommendations to accept claims, including the claims filed after the March 5, 2009 deadline ("Late Claims") but before February 3, 2010, and to reject wholly ineligible or otherwise deficient claims, as recommended by the Claims Administrator, Gilardi & Co. LLC ("Gilardi"), as stated in the McDermott Affidavit, are adopted;

2.	Distribution of the Net Settlement Fund (after deduction for the payments for accrued and anticipated expenses as authorized by the Stipulation or the Court) to the Authorized Claimants pursuant to the Court-approved Plan of Allocation is directed;

3.	The distribution drafts may state that the distribution check must be cashed within 120 days;

4.	Pursuant to Paragraph 5.6 of the Stipulation, distribution of the remaining funds shall be as follows:

> If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who deposited the checks sent in the initial distribution in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to Memphis Area Legal Services, Inc.

5.	Class Members are barred from making any further claim against the Net Settlement Fund;

6.	Destruction of paper copies of the Claim Forms and electronic copies of Claims records one year and three years after final distribution, respectively, is authorized;

7. In accordance with the Stipulation of Settlement, payment to the Claims Administrator, Gilardi & Co. LLC, from the Settlement Fund of the remaining balance of $37,780, for the fees and expense incurred and estimated to be incurred through the end of the project, is authorized; and

8. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED this 16th day of March, 2010.


                                          s/Bernice Bouie Donald
                                          THE HONORABLE BERNICE B. DONALD
                                          UNITED STATES DISTRICT JUDGE